## McCartney v. The Branch Bank at Huntsville.

1. If an affidavit is actually sworn to before the justice who issues the attachment, his omission to certify the affidavit, will not vitiate the proceedings.
2. Although the affidavit states that the defendant will be indebted, yet, if it shows other facts, as by setting out the date and time of payment of the note from which the indebtedness arises, it will be considered as if a present indebtedness was sworn to in direct terms.

Writ of error to the Circuit Court of Madison county.

THIS suit was commenced by attachment, and on its return, the defendant pleaded in abatement, after craving oyer of the affidavit, on which the attachment is founded as follows:

1. That the supposed affidavit is not, nor is any part thereof, in the hand writing of the said justice of the peace; nor is the same certified by the said Joseph A. T. Acklin, or by any other justice of the peace for the county aforesaid, as having been sworn and subscribed by the said Stephen S. Ewing, President of the said Branch Bank, or by any other person; nor was there any such affidavit in writing, as the statute in such case, made and provided, requires, made before the said original attachment was issued, before the said Joseph A. T. Acklin, or any other justice of the peace of the said county, and by him returned to the said Court, with the said writ of attachment, and this he is ready to verify; wherefore, he prays judgment of the said writ of attachment, and that the same may be quashed.

2. Because the writ of attachment was sued out without the said justice of the peace having first required the plaintiff, or their agent, &c. before issuing the same, to make an affidavit in writing, setting forth any sufficient cause or ground within the purview and meaning of the statute, in such case made, &c., to authorise the said justice, &c., to issue the same; nor did the said justice, &c., take, before issuing the said attachment, and return with the same to the clerk's office of this Court, any such affidavit in writing, as is required by the statute, &c., to be made by the party applying for the same, his agent, &c., before

issuing said attachment; and this he is ready to verify; wherefore, &c.

The affidavit set out in oyer, is in these words:

The State of Alabama,<br>
Madison County, to wit:]

Before me, Joseph A. T. Acklin, a justice of the peace, in and for the county aforesaid, personally appeared Stephen S. Ewing, President of the Branch of the Bank of the State of Alabama at Huntsville, who being duly sworn, deposeth and saith, that John McCartney will be indebted to said Branch Bank, in the sum of fourteen hundred and fifty-three dollars and seventeen cents, by note for that amount, dated 9th Nov. 1840, due 120 days thereafter, and that the said John McCartney is about to remove out of this State, so that the ordinary process of law cannot be served on him, and that an attachment is not sued out for the purpose of vexing or harrassing the defendant.

(Signed,)        STEPHEN S. EWING, Pres't.
Sworn to and subscribed before me, ⎱
  this 8th day of April, 1841.           ⎰
           —— ——, J. P.

The replication to the first plea asserts, that before the attachment was sued out, an affidavit was made, signed and sworn to, before Joseph A. T. Acklin, a justice, &c., by Stephen S. Ewing, &c., describing the affidavit in the same manner as it is set out in oyer, but omitting to state that it was certified by the justice. This replication concludes to the country.

The replication to the second plea, states the substance of the affidavit, and shows the indebtedness in the same manner as therein described, and also concludes to the country.

The defendant demurred to these replications, and the Court overruled the demurrer, and directed the defendant to plead over, which he refusing to do, judgment was given for the plaintiff.

It should be remarked, that the same questions presented by the pleas in abatement, were presented on a motion to quash the attachment, previous to pleading the pleas, which motion was likewise overruled.

The defendant now prosecutes his writ of error, and assigns the overruling of the motion to quash, and the sustaining of the replication as error.

McCartney *v.* The Branch Bank at Huntsville.

HUNTINGTON, for the plaintiff in error.
McCLUNG, contra.

GOLDTHWAITE, J.—The motion to quash the attachment, is settled against the plaintiff in error, by the case of Lowry v. Stowe, 7 Porter, 483, and we think that he cannot avail himself of the irregularity of the justice in omitting to sign his name in attestation of the affidavit.

The plea is fully answered by the replication, which asserts that the affidavit, in point of fact, was regularly sworn to and subscribed before the justice of the peace, who issued the attachment. It would have been more regular for the justice to have certified the affidavit, but we are not prepared to say, that his omission to do so, necessarily vitiates the proceedings.

The allegation of indebtedness in the affidavit, is also sufficiently certain; although it speaks in the conditional mode, the reference to the date and time of payment of the note, excludes all inference that the debt was not due when the attachment was issued. It asserts that the defendant would be indebted by note dated 9th Nov. 1840, payable 120 days after date; this shows a debt due in March, 1841, and the affidavit is made in April of the same year.

We have not been able to perceive that there is any error in the record, and the judgment is affirmed.