(Decided 18th June, 1879.)

WILLIAM H. W. FARROW and CLAYTON J. PURNELL, Garnishees of MICHAEL O'NEAL *vs.* JAMES A. HAYES and others, trading as J. A. HAYES & Co.

*A Deed for the Benefit of Releasing Creditors Invalid as against attaching Non-Releasing Creditors—Parol Testimony Inadmissible to show a different Intent from that Imputed to the Parties by the Deed—An Affidavit in Attachment under the Act of 1864, ch. 306, Good where Sworn to, but not signed and certified at the time (but before the Writ was returned) by the Clerk.*

O'N. conveyed certain property to the appellants, in trust to sell the same, and out of the proceeds to pay releasing creditors, and the surplus, if any, to the grantor. The appellees, non-releasing creditors of O'N., attached under the Act of 1864, ch. 306, the property

in the appellants' hands. The appellants offered evidence tending to prove that the deed was so executed by O'N. by inadvertence and mistake, that he intended and believed he was executing an assignment of all his property to his creditors, non-releasing as well as releasing, before any surplus should enure to his benefit, and that the omission of a clause from the deed to that effect was occasioned by the mistake and inadvertence of the scrivener, and that the trustees as well as O'N. were of the opinion and belief, that the deed had been so executed according to the intention of the grantor, until after the service of the attachment. HELD:

That this evidence was inadmissible.

Where a conveyance by its terms operates to hinder, delay or defraud creditors, the intent to do so is imputed to the parties, and no evidence of intention can change that presumption. A different intent cannot be shown and made out by the reception of parol testimony, nor deduced from surrounding circumstances. It is equally clear that a mistake in a deed cannot be shown or availed of in an action at law.

Where the proof offered by the appellants assailing an attachment under the Act of 1864, ch. 306, showed that the affidavit was actually sworn to before the clerk of the Court below, and that he administered the oath before he issued the writ, and where his omission to sign and certify the affidavit, was corrected by him before the writ was returned. HELD:

That a motion to quash the attachment on this ground could not be sustained.

APPEAL from the Circuit Court for Worcester County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER and ROBINSON, J., for the appellants, and submitted for the appellees.

*William H. W. Farrow* and *Clayton J. Purnell,* for the appellants.

The appellants concede that their admission as to the provisions of the deed of January 24th, 1878, made a

*prima facie* case, that it was made by O'Neal with intent to defraud his creditors.　We do not claim that any interest in the property intended to be conveyed passed under the deed.

As trustees, the appellants claim under a deed made to them on the day and after the service upon them of the attachment.

The deed of January 24th, having no validity, and the property of O'Neal being in the hands of the appellants, it was open to proper pursuit by the creditors of O'Neal.　Unquestionably they could have gone on in the ordinary actions for the collection of their debt, but their right to proceed by attachment was dependent upon the fact whether any disposition of his property with intent to defraud his creditors had been made by O'Neal. *Horwitz, Garn. vs. Ellinger,* 31 *Md.,* 504.

The presumption of law is, that the provisions of the deed of January 24th, were made with intent to defraud the creditors of O'Neal, and such is held the presumption under the attachment law of 1864.　But is such presumption conclusive?　We contend that it is not.　The presumption is no more than the applying to the act of making the deed the familiar rule of law that every sane man is presumed to intend the necessary consequences of an act deliberately done.　*Gardner vs. Lewis,* 7 *Gill,* 404; *Whedbee & Dickinson vs. Stewart & Price,* 40 *Md.,* 424 *and* 425; *Ecker vs. McAllister,* 45 *Md.,* 309.　This presumption is only made and can only be made when the act which occasions it is deliberately done, understandingly done. If O'Neal did not intend to make the deed as it was made, he is not to be presumed to have intended its consequences as made.　If it was shown to have been made in a fit of lunacy, the deed, would be invalid; but clearly the law would not presume from his making it the intention to defraud his creditors and hold it to be a sufficient ground for attachment.　So, when it is shown that the obnoxious

provisions of this deed were not made deliberately, nor understandingly, nor even knowingly, then the law's presumption of the intent to defraud is rebutted. "The reason ceasing, the rule ceases." In an inquiry collateral to the deed, it is competent to show by parol, that the deed was made in its objectionable form, by the mistake and inadvertence of the scrivener, and without the intention and knowledge of the parties to it, and so to rebut the presumption of fraud. *Carpenter vs. Buller*, 8 *M. & W.*, 212; *Parks vs. Parks*, 19 *Md.*, 323; *Smith vs. Davis*, 49 *Md.*, 470.

We insist that the writ of attachment as issued was illegal and void, because it issued without an affidavit, taken according to the clear intendment of the statute. The remedy by attachment is statutory, and must be pursued subject to the conditions and in the manner prescribed by the Act of 1864: "Before any such writ of attachment shall be issued, the plaintiff, or some person in his behalf, shall make an affidavit before the clerk of the Court from which said attachment shall issue, stating, &c." Act 1864, ch. 306, sec. 1, and by the last clause of the fourth section of the same Act, "every attachment issued without a bond and affidavit taken as aforesaid, is hereby declared illegal and void, and shall be dismissed." The meaning of the term "affidavit" is not defined in the statute, but the rule of construction is a familiar one, "it is a rule of construction founded in reason and supported by many authorities, that words in a will or statute are to be construed according to their strict and proper acceptation; words of known legal import are to be considered as having been used in their technical sense or according to their strict acceptation." *Potter's Dwarris on Statutes*, 199.

"Affidavit is a common law term of well known legal import, and is 'an oath in writing sworn before and attested by him who hath authority to administer the same.'" 1 *Bacon's Abridg.*, (7th Ed.,) 124, *title Affidavit*. It is more

than an oath, more than an oath in writing, it is a certified oath in writing. A complete *jurat* is essential to an affidavit. It must appear *ex facie* to be perfect. Such is the unbroken chain of English authorities ; *Rex vs. Inhab. of Bloxham,* 51 *English Com. Law,* 528. And the same rule is followed in American Courts of high authority; *Jackson, ex dem. Root vs. Stiles,* 3 *Cuines,* 128 ; *Jackson vs. Virgil,* 3 *Johnson,* 539 ; *Millens vs. Shafer,* 3 *Denio,* 60 ; *People vs. Rensellard,* 6 *Wendell,* 543 ; *Birdsong vs. McLauren,* 8 *Georgia,* 521 ; *Waltson vs. Carnes,* 4 *Heiskell, (Tenn.,)* 532 ; *State Bank vs. Hinchcliffe,* 4 *Pike,* 444; *Knapp vs. Duclo,* 1 *Mich. N. P.,* 189 ; *Redus vs. Wofford,* 4 *Smedes and Mar.,* 591 ; *State vs. Green,* 2 *Green, (N. J.,)* 88 ; *Turpin vs. Eaglecreek, et al.,* 48 *Ind.,* 45 ; *Young vs. Young,* 18 *Minn.,* 90 ; 5 *Robinson's Prac.,* 120 ; *Drake on Attachm., secs.* 90 *and* 91. Drake says : "there may be in the record what was designed for, and yet may not be an affidavit, because not properly authenticated. The absence of the party's signature does not prove that he was not sworn, for it is not necessary to constitute an affidavit, unless required by statute, that the party making should sign it. It is otherwise, however, when there is no official authentication, though under some circumstances, that has been supplied by implication from the contents of the record and even by parol proof." This departure from the rule recognized by Drake is only found in a few American cases, clearly in the face of the English authorities, and overborne by the number and weight of American decisions upon the point, and we submit is not tenable in the strict construction given attachment laws as against the universally received acceptation of the term affidavit in the Maryland practice and statutes. By the fifth Article of the Declaration of Rights, the people of Maryland are entitled to the common law of England, and we may insist that the common law acceptation of the term affidavit was the intendment of the statute. Whilst we

know of no decisions of this Court directly in point, the authorities in Maryland are abundant to show that such an acceptation has prevailed here. *Hinkley & Mayer on Attach.*, 16 *and* 17, *secs.* 44 *and* 48.

*George W. Purnell* and *A. P. Barnes*, for the appellees.

In an action at law, a mistake in a deed cannot be shown. The rule at law is that an agreement cannot be varied by external evidence, and that the parties are bound by the document they have signed. *Kerr on Fraud and Mistake*, 415, 416 *and* 417.

Parol testimony is inadmissible to add to, subtract from, vary or contradict the terms of a written instrument. 1 *Greenleaf on Evidence, secs.* 275, 276 *and* 277; 1 *Spence's Equitable Jurisdiction, marginal pages* 634 *and* 635; *Ecker vs. McAllister*, 45 *Md.*, 309; *Clark vs. Lancaster's Lessee*, 36 *Md.*, 196.

A deed void in law, for matter appearing on the face of it, cannot be made good by parol testimony. *Inloes, Garnishee vs. American Exchange Bank*, 11 *Md.*, 173; *Green & Trammell vs. Trieber*, 3 *Md.*, 39 *and* 40; *Barnitz vs. Rice, et al.*, 14 *Md.*, 24.

If the law imputes to the grantor a design in making the deed, no evidence of intention can change the presumption. The intention of the parties must be gathered from the face of the instrument, which, if void, is so without reference to what may have been the real purpose in the mind of the grantor. *Whedbee & Dickinson vs. Stewart & Price*, 40 *Md.*, 414; *Ecker vs. McAllister*, 45 *Md.*, 309; *Malcolm, Trustee vs. Hodges*, 8 *Md.*, 418.

The signature of the officer, administering the oath, is essential to the affidavit only as proof of the fact that it was made. Where from the nature of the case, satisfactory proof, by evidence of the fact other than the signature of the officer, may be had that the affidavit was made, the signature is not essential to it. The affidavit

having been signed by the clerk before the return of the attachment was made good. *Drake on Attachment, secs.* 90 *and* 91; *English vs. Wall,* 12 *Rob.,* (*La.,*) 132; *Cook vs. Jenkins, et al.,* 30 *Iowa,* 452; *McCartney vs. The Branch Bank at Huntville,* 3 *Ala.,* 709; *Farmers' Bank of Va., et al. vs. Gettinger,* 4 *W. Va.,* 309; *Simpson vs. Minor,* 1 *Blackford,* 229; *Woodwere, et al. vs. Fleming, et al.,* 1 *Blackford,* 4; *White vs. Casey,* 35 *Texas,* 552; *Howard vs. Oppenheimer,* 25 *Md.,* 363; *Davis vs. State,* 39 *Md.,* (382,) 355; *Sweeny vs. Cockran,* 19 *Ind.,* 206; *In matter of Teachant,* 15 *Mich.,* 346; *Genin vs Tompkins,* 12 *Barb.,* (*N. Y.,*) 265; *Warring, et al. vs. Turton, Trustee,* 44 *Md.,* 535; *Hughes vs. Stimull,* 4 *Eng.,* 211.

MILLER, J., delivered the opinion of the Court.

There are but two questions presented by this appeal. The first is: Was there error in the refusal of the Court to admit the evidence set out in the record, which was offered for the purpose of sustaining, as against the appellees, the attaching creditors, the validity of the deed of the 24th of January, 1878, from O'Neal to the appellants. By that deed O'Neal conveyed certain property to the appellants in trust to sell the same, and out of the proceeds to pay *releasing* creditors, and the surplus, if any, to the grantor. The appellees were non-releasing creditors, and it was very properly admitted that as to them the deed as it stands is invalid. But the appellants offered evidence tending to prove that the deed was so executed by O'Neal, by inadvertence and mistake, that he intended and believed he was executing an assignment of all his property to his creditors, non-releasing as well as releasing, before any surplus should enure to his benefit, and that the omission of a clause from the deed to that effect was occasioned by the mistake and inadvertence of the scrivener, and that the trustees as well as O'Neal were

of the opinion and belief that the deed had been so executed according to the intention of the grantor until after the service of this attachment. We see no ground upon which this testimony can be admitted in an action at law. If it was offered for the purpose of showing that the *intention* of the grantor was different from that which the law imputes to the deed as it is written, it was clearly inadmissible, for it has been settled by this Court in a series of decisions that the intent must be gathered from the face of the instrument, and if the law declares such a deed void as against creditors, it matters not how the question of fraud in fact may stand. Where a conveyance by *its terms* operates to hinder, delay, or defraud creditors the intent to do so is imputed to the parties and *no evidence of intention* can change that presumption. A different intent cannot be shown and made out by the reception of parol testimony nor deduced from surrounding circumstances. *Trammel vs. Trieber,* 3 *Md.,* 11; *Sangston vs. Gaither, Ibid.,* 40; *Malcolm vs. Hodges,* 8 *Md.,* 418; *Inloes vs. American Exchange Bank,* 11 *Md.,* 173; *Barnitz vs. Rice,* 14 *Md.,* 24; *Whedbee & Dickinson vs. Stewart & Price,* 40 *Md.,* 414. It is equally clear that a *mistake* in a deed cannot be shown or availed of in an action at law, and it is wholly unnecessary to cite authorities in support of the position that it is not competent for a Court of law to reform this deed by inserting into it the clauses which would make it valid, and which the appellants allege have been omitted from it by inadvertence and mistake.

The next question is: Was the Court right in refusing to grant the attachment on the facts and proof contained in the second exception? It appears that the attachment which was under the Act of 1864, ch. 306, was issued on the 5th of March, 1878, and on that day, and before the writ was issued, one of the plaintiffs made the affidavit required by the Act before Mr. J. T. Matthews, the clerk

of the Court. The affidavit was written out by the plaintiffs' counsel in due form, to be sworn to before the clerk, and as so written, concluded with the words " clerk of the Circuit Court for Worcester County," so that the clerk had nothing to do but administer the oath and place before these words his signature, or the words " sworn before J. T. MATTHEWS." It was proved by the appellants themselves, that the oath as therein written was actually administered to the plaintiff by the clerk before issuing the writ, and it also appears that the affidavit was immediately endorsed by him as of the proper number on the appearance docket, and as between the proper parties, and also endorsed " affidavit—filed March 5th, 1878." But it is proved the clerk did not sign the affidavit at the time he administered the oath, but placed the words " sworn before J. T. MATTHEWS " thereto some days afterwards, and after the service of the writ but before its return. And now it is contended that this omission of the clerk thus to sign the affidavit at the time he administered the oath, is a fatal defect, and that the attachment must for that reason be quashed, notwithstanding the parties making the objection have themselves proved that the oath was duly administered before the writ was issued, and the omission of his signature supplied by the clerk before its return. Without doubt the decisions in Maryland have gone as far as those of any State in the Union, in requiring attachment proceedings to be in strict conformity with the requirements of the statute, and especially is this true in regard to the affidavit which the law says shall be made before the writ is issued. By the terms of the Act of 1864, it is declared that " before any such writ of attachment shall be issued, the plaintiff or some person in his behalf, shall make an affidavit before the clerk of the Court from which said attachment shall issue, stating " certain prescribed facts, and the omission from the affidavit of any of the substantial words thus prescribed will

Farrow, et al., Garns. vs. Hayes & Co.

unquestionably be fatal. In this case, however, there was no such omission. The affidavit in this respect was perfect in itself, and was actually sworn to before the clerk at the proper time. The objection is, that it was not then properly signed and certified by the clerk, but there has been no decision of this Court to the effect that such an omission made under such circumstances, and supplied before the writ was returned is fatal. We have carefully examined the authorities from other States cited by the appellants' counsel, and in none of them can we find that such an objection has ever been sustained. On the other hand, many of the cases cited by the counsel for the appellees, are to the effect that proceedings in attachment under statutes containing the same requirements as our Act of 1864 cannot be successfully attacked on the ground that the officer administering the oath accidentally omitted to sign the *jurat* to the affidavit; if it be shown that the affidavit was in fact sworn to before him. *McCartney vs. The Branch Bank at Huntsville*, 3 *Ala.*, 709; *Farmers' Bank vs. Gettinger*, 4 *West Va. Rep.*, 309; *Cook vs. Jenkins & Co.*, 30 *Iowa*, 452.

In these cases, the omission of the officer was never supplied, and proof that the affidavit was actually sworn to before him was allowed to be adduced by the plaintiff in the attachment, or the party claiming under it. The present case does not require us to go to this extent, and our decision is restricted to the facts appearing in this record. What we decide is, that in this case where the proof offered by the parties assailing the attachment shows that the affidavit was actually sworn to before the clerk, and that he administered the oath before he issued the writ, and where his omission to sign and certify was corrected by him before the writ was returned, the objection thus made by these parties cannot be sustained.

*Judgment affirmed.*

(Decided 18th June, 1879.)