# Hyde *v.* Adams.

## *Attachment.*

1. *Security for costs; overruling of motion to dismiss suit for want of; when revisable.*—In an action brought by a corporation, or a non-resident, the overruling of a motion to dismiss the suit, on account of a failure to give security for the costs, is not revisable on error or appeal, unless reserved by bill of exceptions.

2. *Attachment; when writ not necessary to be signed or certified by officer issuing it.*—If an affidavit for an attachment is in fact made before the officer who issues the writ, it is not necessary that it shall be signed or certified by him; and a plea in abatement, "because it was not signed by the clerk," presents an immaterial issue.

3. *Attachment bond; when indorsement of approval by clerk not necessary.*—If an attachment bond is in fact approved by the clerk, filed, and the attachment issued on the faith of it, it is not necessary that his approval shall also be indorsed on it.

4. *General charge; when this court will presume the giving of justified by the evidence.*—When the bill of exceptions states that the "plaintiff introduced his verified account, and, this being all the evidence," the court gave a general charge in his favor; this court will presume, in the absence of anything to the contrary in the record, that the evidence justified the charge.

APPEAL from Fayette Circuit Court.

Tried before Hon. S. H. SPROTT.

This action was brought by John J. Adams & Co., a mercantile partnership of New Orleans, La., against James H. Hyde; and was commenced by original attachment issued upon affidavit made on 26th January, 1885, before the clerk of the Circuit Court of said county of Fayette. At the ensuing Spring term of said court, which was the return term of the attachment; the defendant moved to dismiss the attachment proceedings because the affidavit supporting the same showed on its face that the plaintiffs were non-residents of Alabama, "and yet they had failed to give security for costs." The dedefendant also filed three pleas in abatement; the first of which averred the insufficiency of the attachment because the affidavit "was not signed by the clerk of the Circuit Court before whom it purported to have been made;" and the third because "the bond for attachment was never signed before or approved by the clerk of the Circuit Court, or other officer authorized to act in the premises." At the Fall term of the court, to which the case was continued, the defendant's motion to dismiss for want of security for costs was overruled; and

[Hyde v. Adams.]

the clerk was allowed upon motion of the plaintiffs, and against the objection and exception of defendants, to certify the affidavit and approve the bond, upon preliminary proof of the signature, under oath administered by the clerk, of the affidavit by the party who procured the issuance of the attachment. The remaining ground of exception is disclosed by the opinion.

McEACHIN & McEACHIN, McGUIRE & COLLIER, for appellant.

NeSMITH & SANFORD, *contra*, cited the following authorities : Acts 1884–85, p. 137 ; 6 Porter, 109 ; 33 Ala. 674 ; 30 Ala. 120 ; 1 Ala. 312 ; *Simms v. Jacobson*, 51 Ala. 188 ; 44 Ala. 605 ; 7 Porter, 483 ; *McCartney v. Branch Bank at Huntsville*, 3 Ala. 709 ; Naples on Attachment, 83, 84 ; Drake on Attachment, sec. 90.

CLOPTON, J.—It does not appear from the record, that an objection or exception was taken to the decision of the Circuit Court, overruling the motion to dismiss for the alleged failure of the plaintiffs to give security for costs. In *Tuscaloosa Wharf Co. v. Mayor and Ald. of Tuscaloosa*, 38 Ala. 514, where the question was fully considered, it was held, that the ruling on such motion must be the subject of objection or exception, in order that it may be revisable, and that an exception is not necessarily dispensed with by the appearance of the objectionable ruling upon the record. On the authority of this case, we refrain from revising the ruling of the court on the motion to dismiss for the failure to give security for the costs.

The affidavit, preliminary to the issue of the attachment, was not certified by the clerk, before or at the time of its issue. The court, on motion of the plaintiffs, allowed the clerk to certify the affidavit after the plea in abatement was filed. The issue presented by the plea is not, that the attachment was issued without the affidavit required by law. If such issue had been presented, it may be, that we should hold, on the facts disclosed by the bill of exceptions, there was not the due administration of a solemn oath, required in judicial proceedings. The administration of the oath should be of such form and character, that an indictment for perjury can be predicated thereon ; and there should be such substantial ceremony, as to impress the affiant with the solemnity of the proceeding. But without averring that no affidavit was made as required by the statute, the plea presents the single issue, that, "it was not *signed* by the clerk" before or at the time of the issue of the attachment. This is an immaterial issue. The statute

requires the oath to be reduced to writing, and *subscribed by the party*; but is silent as to certification by the officer. It has been ruled by this court, that if an affidavit is actually sworn to before the officer, who issues the attachment, his omission to certify the affidavit will not vitiate the proceedings. *McCartney v. Br. Bk. at Huntsville*, 3 Ala. 709. Code § 3255. An attachment issued without affidavit can be abated only on plea of the defendant putting such fact in issue. The failure of the clerk to certify the affidavit is a defect of form, and amendable before, or during the trial. Code § 3315.

A defective or insufficient bond does not authorize the court to abate an attachment, if the plaintiff is willing to execute another and sufficient bond; though if he declines to do so, the attachment may be abated. (§ 3515). There is no express statutory requisition, that the bond shall be *endorsed* approved by the officer issuing the attachment. The reception of the bond by the clerk, the issuing the attachment by virtue thereof, endorsing it *filed* on the day the attachment was issued, and its retention among the papers of the case on the files of the court, sufficiently manifest his approval. *Pearson v. Gayle*, 11 Ala. 278. *Dothard v. Sheid*, 69 Ala. 135.

The bill of exceptions states, that "the plaintiff introduced his verified account, and this being all the evidence," the court gave the affirmative charge in favor of the plaintiffs. The "*verified account*," it seems, was introduced without objection, which was a waiver of all objection to its competency. Being admitted without objection, and in the absence of any statements of its character, or contents, we must presume, that it was sufficient to establish a *prima facie* case of indebtedness, which entitled the plaintiffs to recover in the absence of countervailing or conflicting proof. When an affirmative charge is given, which would be correct on any state of facts, we presume there was testimony which authorized the charge, unless the record affirmatively shows the contrary. The record not showing the insufficiency of the verified account, we will presume, in the absence of any question being raised as to its competency or sufficiency, that it was sufficient to authorize the affirmative charge. *Alexander v. Alexander*, 71 Ala. 295.

Affirmed.