JAMES INGLIS, Jr., v. CHARLES SCHREINER.

1. A statute gave jurisdiction to justices of the peace to entertain actions for penalties "upon receiving proof by affidavit or affidavits of one or more persons of the violation of any of the provisions of this act." *Held,* that "proof" in this context means testimony that conforms to the fundamental rules of evidence.

2. That an affidavit made upon information and belief is not such proof.

---

On *certiorari.*

The defendant was charged with the violation of section 21 of the amended Game law. *Pamph. L.* 1893, *p.* 48. That section is as follows: "That it shall not be lawful for any person or persons to sail for, to shoot, or shoot at, any goose,

brant or duck from any boat or boats, vessel or vessels, propelled by steam or sail, * * * under a penalty of twenty dollars for each and every offence." Jurisdiction over the several offences prescribed is granted by section 36 as follows: "That such justice of the peace, upon receiving proof by affidavit or affidavits of one or more persons of the violation of any of the provisions of this act, is hereby authorized and required," &c., vesting jurisdiction in ordinary form.

The sole affidavit filed with the justice was in these words: "Charles A. Schriner, fish and game warden, being duly sworn, according to law, deposeth and saith on information and belief that," &c., setting out a violation of section 21.

Before appearing to the complaint, counsel for the defendant filed his objection to the jurisdiction thus assumed:

"The defendant moves that the complaint in this cause be dismissed, because said complaint, being made on information and belief only, does not constitute such proof as under the statute referred to in said complaint is required to authorize any proceedings against persons charged with violating it.

"WARREN DIXON,
"*Attorney of Defendant.*"

This motion was denied by the justice, whereupon the defendant's attorney served this writ, which had been previously allowed by Mr. Justice Abbett.

Argued at February Term, 1895, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the prosecutor, *Warren Dixon.*

For the defendant, *Eugene Emley.*

The opinion of the court was delivered by

GARRISON, J. The jurisdictional requirement that the justice of the peace shall have received proof of some violation of the statute is not satisfied by an affidavit made upon information and belief. This is conclusively established by

an unbroken line of decisions. *Wire* v. *Browning, Spenc.* 364; *Hill* v. *Hunt, Id.* 476; *Kepp* v. *Chamberlain, Id.* 656; *Stanley* v. *Horner,* 4 *Zab.* 511; *Schuyler* v. *Treefern,* 2 *Dutcher* 213; *Kennedy* ads. *Chumar, Id.* 305; *Bowne* v. *Titus,* 1 *Vroom* 340; *Johnson* v. *Allen,* 26 *Id.* 400; *Truax* ads. *Pennsylvania Railroad Co.,* 27 *Id.* 277.

These and many other cases hold, with respect to divers statutes, that the word " proof," when used in a legislative enactment, means " competent and legal evidence," or, in other words, testimony that conforms to the fundamental rules of proof, one of which excludes " hearsay evidence," however trustworthy the informant or however implicit may be the deponent's belief in the truth of what he has heard.

That this rule is both understood and applied by the law-maker is shown in those enactments that specifically call for a lower degree of proof, as, for instance, the Attachment act and the act concerning supplemental proceedings. The act before us is, however, so explicit that were no authority extant, the same conclusion must be reached. Thus, the thirty-seventh section provides that if the violation occur in the presence of any of certain officers, the defendant may be arrested without warrant by such officer, whereupon the justice may hear the case after receiving affidavit in writing of the commission of the offence made by the officer that saw it, a provision that would be meaningless if belief based upon information was of itself sufficient. The imposition of the penalty, which is $20 for each violation, must logically rest upon the same sort of proof as the jurisdiction. So that, if a deponent who did not witness the actual violation of the law may, upon belief, institute one of these actions, he may, upon a like belief, speculate as to the number of penalties incurred by the offender, with respect to which, particularly in the instance of game killed, all of the presumptions of fact are that even the lowest estimate would be a legal injury to some defendants.

The justice was without jurisdiction and should have so ruled. The order of the justice is reversed, and the complaint dismissed, with costs.