# CHARLESTON.

## HEFFERNAN *v.* HARVEY *et al.*

Submitted January 18, 1896—Decided March 28, 1896.

1. NOTARY'S SIGNATURE—CLERK'S CERTIFICATE.

Certificate of clerk under section 31, chapter 130, Code, verifying a notary's signature to an affidavit in another state, stating that the signature is believed to be "genuine," is good.

2. NOTARY'S SIGNATURE.

Where the official character of a public officer is given in the body of his certificate, there is no need for him to sign officially, by significant letters appended to his name, or otherwise.

3. JUDICIAL NOTICE—FOREIGN COURTS.

This Court will take judicial notice that the corporation court of Lynchburg, Va., is a court of record, and will consult the Virginia Code or other law book to impart to it information, under section 4, chapter 13, Code.

T. W. PEYTON and VINSON & THOMPSON for appellants, cited 1 Am. & Eng. Enc. Law, 309-12, 1025; 15 Id. 104-7; 17 Id. 493; Code, c. 75, s. 4; Code, c. 130, s. 31; 2 Sunderland, Dam. § 625; 34 W. Va. 370-72; 3 W. Va. 495; 28 W. Va. 273-292; 9 Gratt. 68; 35 W. Va. 705; 40 W. Va. 553; 25 N. Y. 272; 25 Conn. 530; 20 Minn. 494; 27 N. J. L. 513; 2 Wall. 1; 15 Gratt. 83; 70 Ill. 420; 55 N. Y. 664; 72 Ill. 161.

WYATT & HUTCHINSON for appellee, cited 15 Am. & Eng. Enc. Law, 105, note 5; Phil. Mech. Liens, §§ 117, 281, 285; Code, c. 130, s 31; 6 Wend. 543; 6 Cow. 728; 30 Iowa, 452; 79 Ill. 233; 13 N. E. 182; 14 Ala. 33; 48 Am. Dec. 84; 109 U. S. 721.

BRANNON, JUDGE:

This is an appeal from a decree of the Circuit Court of Cabell county, enforcing a lien in favor of Heffernan against Harvey and others, trustees of the Methodist Episcopal Church, South, of Huntington, by a sale of the church lot on a bill of Heffernan to enforce a lien for glass furnished

and work done in putting it in the windows of the church; the appeal taken by the trustees.

Applicant's counsel points out as error in not sustaining a demurrer to the bill that Mesereau, a creditor under a deed of trust, and the trustee, are not parties. The bill does not show anything as to that deed of trust, and how could it be ground of demurrer? This deed of trust is first mentioned in the report of a commissioner in finding liens, and this would require the trustee to be made a party, but for the fact that the amended bill shows that a prior mortgage in a party to the suit carried the legal title before the court, and the trustee in the deed of trust had only an equity, and the creditor proved his lien, and it was unnecessary to bring the trustee into the case.

It is suggested that the affidavit to the mechanic's lien is bad, first, because the clerk, in certifying to the notary's signature, says that "it is believed to be genuine." Section 31, chapter 130, Code, says the clerk's certificate must be one "verifying the genuineness of the signature." I think this does reasonably verify it. Must he go to the notary to ask him to acknowledge his signature? Must he take evidence? If he has seen him often write, or seen signatures or writing of his recognized by him, so as to be competent to speak as a witness to his handwriting, he would say he believed it to be his handwriting. A court would receive this, and a jury would act on it. Why not here? Do you require that he absolutely say it is genuine? We are to presume he found the fact on evidence sufficient.

Another alleged defect in the certificate of the clerk of the corporation court of the city of Lynchburg verifying the certificate of the notary signing the affidavit to the mechanic's lien is that it does not certify that the court is one of record. Section 4, chapter 13, Code, allows us to inquire of books as to this. We see by the Virginia Code and Barton's Law Practice (page 8) that various cities in that state, among them Lynchburg, by the Constitution and Code, have corporation courts, with judge, clerk, record of proceedings, and the same jurisdiction within the cities, criminal and civil, as circuit and county courts; and we must say it is a court of record, by judicial notice, without the clerk's so certifying.

It is said the certificate is not certified by Wingfield as clerk, but as an individual. The body of the certificate states him to be clerk of the court by full designation. That is enough. When a certificate of acknowledgment of a deed or certificate of a notary, clerk, or other officer states in its body the official character of the officer certifying, it is unnecessary and utterly useless to again certify it by full designation or significant letters following the signature.

It is said the mechanic's lien instrument does not state the owner of the property, when it distinctly specifies the lots, and the church on them, and states the legal title to be in certain individuals as trustees. It is said the individuals are not sued as trustees, when they are named, and just after their names, in apposition, are the words "Trustees of the Methodist Episcopal Church, South, of Huntington." The bill states title in them as trustees to the property, and thus shows in what capacity they are sued. Why are they not sued as trustees? How should they be sued? The brief says that the word "as" before the word "trustees" would make it clear. We think it just as clear without that word.

As to the merits, we shall not detail mere evidence quite voluminous. A reference was made to a commissioner to report the amount due plaintiff, and on all matters of controversy, and his report was confirmed; and we see no reason for reversing both commissioner and court, as the demand is clearly just, and no injustice has been done. Affirmed.