# State, *ex rel* Frederick *et al. v.* Brodie.

## *Quo Warranto.*

(Decided May 15th, 1906. 41 So. Rep. 180.)

1. *Statutes; Enactments; Evidence.*—Evidence outside the journals
of the legislature is not admissible for the purpose of sustain-
ing or defeating the enactment of a statute.

2. *Same; Local Laws; Notice of Application for Passage; Contents;
Sufficiency.*—Where the journals of the house and Senate show
no more than the affidavit of a publisher of a newspaper that
a notice containing the substance of the proposed act was pub-
lished in his newspaper, but not setting forth the contents of
the notice, this is not a compliance with § 106 of Constitution
of 1901; the affidavit being the mere conclusion of the affiant,
and not proof of such notice.

[State, ex rel. Frederick et al. v. Brodie.]

APPEAL from Jefferson Circuit Court.

Heard before HON. A. A. COLEMAN.

Robert Frederick, on the relation of the state, filed an information against one James Brodie, alleging that he had unlawfully usurped and was unlawfully exercising the rights and jurisdiction pertaining to the office of justice of the peace in precinct 45, Jefferson county, Ala. The information further alleges that precinct 45 lies partly within the city of Ensley, an incorporated town having more than 1,000 inhabitants. The information further sets up that by an act of the Legislature (Act No. 373, p. 698, approved Oct. 1, 1903 ) the office of justice of the peace and notary public with justice jurisdiction was abolished, and that in its stead was created by said act a court of inferior jurisdiction. The information further alleges the constitutional passage of said act. To this information respondent filed demurrers raising the question of want of proper notice of intention to introduce the act, a failure of the journals of the Senate and House to show proof of such notice, and other grounds of demurrer raising various and sundry other objections to the constitutionality of the act not necessary to be here set out. The court sustained the demurrers, and the informant declined to plead over, and prosecuted this appeal.

JAMES A. MITCHELL, and FRANK DEEDMEYER, for appellant.—The act approved Oct. 1st, 1903, Local Acts, 1903, p. 698, was constitutionally enacted. The notice states the substance of the law and is sufficient.—*Ex parte Black*, 144, Ala. 1; *State ex rel. v. Tunstll*, 145 Ala. 477.; *State ex rel. v. Abernathy*, in MS.

JOHN H. MILLER, and A. LEE OBERDERFER, for appellee.—The notice with reference to the passage of the local act (Acts 1903, p. 698) is insufficient.—*Wallace v. Board of Revenue*, 140 Ala. 491; *Tillman v. Porter*, 38 So. Rep. 647. Notice of intention to apply for the enactment of a non-constitutional act is not a sufficient notice wherein the unconstitutional features have been eliminated.—*Alford, et al. v. Hicks*, 38 So. Rep. 752. The statute must be judged valid or invalid by the recital of the journals of the Legislature.—*Ex parte, Howard*

[State, ex rel. Frederick et al. v. Brodie.]

*Harrison Iron Co.*, 119 Ala. 484; *Montgomery v. Gaston*, 126 Ala. 425.

HARALSON, J.—We need not follow counsel in all they say touching the unconstitutionality of the act, "To establish an inferior court in precinct 45 in Jefferson county, Alabama, etc., approved October 1, 1903."— Loc. Acts 1903, p. 698, No. 373. If the act be held to be unconstitutional, on some one or more of the grounds brought forward, it is unnecessary to consider the others.

Section 106 of the Constitution requires that "no special, private or local law shall be passed on any subject so enumerated in section 104 of this Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published without cost to the state," in the manner prescribed, "which notice shall state the substance of the proposed law, and be published at least once a week for four consecutive weeks in some newspaper published in such county or counties, or if there is no newspaper published therein, then by posting the said notice for four consecutive weeks at five different places in the county or counties prior to the introduction of the bill; and proof by affidavit that said notice has been given shall be exhibited to each house of the Legislature," and the journals must affirmatively show that the bill has passed, in order to make it valid, in accordance with this provision.

When the bill for the act in question was introduced into the Senate, the affidavit of one J. W. Minor, the president of the Ensley Publishing Company, accompanied the bill, in which he states as to notice required to be given, "that notice stating the substance of the foregoing bill, and the intention to apply for the enactment for such into law, was duly published in the Ensley Herald, at least once a week for four consecutive weeks, prior to the day hereof."

After the bill passed the Senate, it went to the House, where a similar affidavit was spread upon the journal. The notice as published was not, so far as can be ascertained, spread upon the journal of either house, and it is admitted, that all that appears upon the journals in the

[State, ex rel. Frederick et al. v. Brodie.]

nature of proof, are the said affidavits. To these we are confined for the notice. Courts will not hear evidence de hors the journals of the houses to sustain or defeat a statute.—*Ex parte Howard-Harrison Iron Co.*, 119 Ala. 484, 24 South. 516, 72 Am. St. Rep. 928; *Montgomery Beer Bottling Works v. Gaston*, 126 Ala. 445, 28 South. 497, 51 L. R. A. 396, 85 Am. St. Rep. 42; *State v. Buckley*, 54 Ala. 613.

We have the question then, which does not appear to be difficult of solution, whether an affidavit, which merely states that a notice containing the substance of the proposed law, was published, without attempting to state the contents of the notice, or to make it a part of his affidavit, is a compliance with section 106 of the Constitution, providing that the notice to be given shall state the substance of the proposed law. The affidavit before us is a bare statement of the affidavit that the notice he refers to, and which is not set out anywhere in the legislative journals, and of the contents of which we know nothing, does set forth the substance of the bill. This is merely his ipse dixit or conclusion in respect to the notice, about which he may have been mistaken. It would not be evidence in any tribunal, and certainly could not rise to the dignity of proof. "The word 'proof,' when used in a legislative enactment, means competent and legal evidence, or, in other words, testimony that conforms to the fundamental rules of proof, one of which excludes hearsay evidence, however trustworthy the informant, or however implicit may be the deponent's belief in the truth of what he has heard." —*Inglis v. Schreiner*, 58 N. J. Law, 120, 32 Atl. 131.

The Legislature, and not the affiant in that affidvit, was constituted the judge of whether or not the notice containing the substance of the proposed law was given; and the bare statement of an irresponsible person, it may be, that a certain undefined notice did contain the substance of the law, usurps the legislative function, and emasculates the constitutional provision, of the real purpose it was designed to subserve.

The court below sustaining a demurrer to the information and petition for quo warranto, and petitioner

[State, ex rel. Hamilton v. Kitchens.]

declining to plead further, or to amend the petition, it was dismissed.

The judgment of the court below is affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.