# Sellers *v*. The State.

## *Murder.*

(Decided June 30, 1909. 50 South. 340.)

1. *Statutes; Local Laws.*—General Acts 1907, page 542, amendatory of Local Acts 1907, page 385, is a local law, within the meaning of section 110, Constitution 1901.

2. *Same; Enactment.*—Under Section 106, Constitution 1901, the spreading of the affidavit on the journal of the Senate with the name of the officer taking the affidavit omitted renders the local law invalid under section 106, Constitution 1901, although the affidavit properly appears on the House Journal.

3. *Affidavit.—Sufficiency.*—The test of the sufficiency of the paper as an affidavit is the right to assign perjury on it if false, and it is essential that the officer taking it be disclosed either by the recitals in the body thereof or by his signature to the jurat.

APPEAL from Coffee Circuit Court.
Heard before Hon. H. A. PEARCE.

Guilford Sellers was convicted of murder in the 2nd degree and he appeals. Reversed and remanded.

J. F. SANDERS, for appellant.—The affidavit as spread on the Senate journal is void.—1 Ency P. & P. Being void, the Act was violative of section 106 Constitution 1909.—*Childers v. Shepherd,* 142 Ala. 385; *Dudley v. Fitzpatrick,* 143 Ala. 162; *State ex rel. Frederick v. Brodie,* 148 Ala. 381; *Wallace v. Jefferson County,* 140 Ala. 491. No authority is shown to try this defendant at Enterprise.—*Rose v. The State,* 117 Ala. 77; *Goodlow v. The State,* 50 Ala. 93.

ALEXANDER M. GARBER, Attorney-General, for the State.—The affidavit in question is sufficient, and will be presumed to have been properly certified.—*Lowery v. Stowe,* 7 Port. 483; *McCartney v. Branch Bank,* 3 Ala. 709; *Hyde v. Adams,* 80 Ala. Ill.

DENSON, J.—The plaintiff in error was indicted by the grand jury which was organized at the September term, 1908, of the circuit court, held for Coffee county at Elba, for the crime of murder; and he was tried at the December term of said court, held for said county at Enterprise, convicted of murder in the second degree, and sentenced to the penitentiary for the term of 10 years. He brings his cause to this court by writ of error, and insists that upon the face of the record it appears that the grand jury that preferred the indictment was illegally organized, and, therefore, that the indictment is void.

The Legislature, during its first session in 1907, enacted a law, approved February 28, 1907 (Loc. Acts 1907, p. 279), providing "for holding separate terms of the circuit court for Coffee county, in the Twelfth judi-

cial circuit, at Enterprise." The act designates the por-
tions of the county over which the court sitting at En-
terprise shall have jurisdiction, and makes the jurisdic-
tion of the court of Enterprise over the describ-
ed territory "exclusive of the jurisdiction the court
exercises when sitting at Elba, in said county."
Reading sections 8 and 11 of the act together,
it is manifest that the legislative intention was
to make ineligible for grand jury service at Elba all per·
sons residing within the Enterprise district.—Loc. Acts
1907, p. 279. The record shows that in the organization
of the circuit court at Elba, in September, 1908, the ve-
nire of grand jurors returned by the sheriff was quashed,
and a special grand jury was ordered and organized.
In respect to this matter we quote from the minute en-
try. "From the venire facias it appears to the court
that the jury commissioners in drawing the said venire
did not comply with the law therefor made and provid-
ed. Wherefore the court proceeds to inquire and duly
ascertains that said venire of grand jurors is drawn
from the territory comprised in the Elba division of the
circuit court of said county, in violation of the law,
which requires that the venire be made up of persons
from the whole county. Thereupon the court makes and
enters an order quashing said venire of grand jurors.
The court makes and enters an order commanding the
sheriff to summon 18 persons from the qualified citizens
of said county to serve as grand jurors for the present
term." In pursuance of the order made by the court
the sheriff summoned 18 persons, who appeared, were
found qualified, and were organized as the grand jury
for that term of the court. It was by this grand jury
that the indictment against the plaintiff in error was
preferred.

If section 11 of the act above referred to was in force,
as it stands in that act, at the time the grand jury was

organized, then it must follow that the orders of the court quashing the venire of grand jurors and organizing a special grand jury are void, and, of consequence, that the indictment would also be void. The action of the circuit court is based upon an act of the Legislature approved August 2, 1907 (Gen. Acts 1907, p. 542), which is amendatory of section 11 of the act of February 28, 1907, and which section as amended provides that "there shall be organized two regular grand juries in each year, for the circuit court of Coffee county, one of which said grand juries shall be impaneled for the fall term at Elba, and the other at the spring term at Enterprise, and the persons composing said grand jury shall be selected from the county at large." The act further provides, in effect, that grand juries organized at either place shall have jurisdiction of offenses throughout the county, and that indictments found shall be returned according to the district in which the party resides, either to the Elba court or to the Enterprise court. That this is a local law cannot be a subject of doubt.—Const. 1901, § 110. The contention of the plaintiff in error is that the act was passed in violation of section 106 of the Constitution, in that proof of notice of the intention to apply for the passage of the law was not spread upon the journal of the Senate, and that, it being so unconstitutional, the act of February 28, 1907, was intact at the time the grand jury was organized.

The bill which by legislation culminated in the act in judgment was introduced in the House, and the notice of the intention to apply for the passage of the law took the form of the bill as it was introduced, and the proof of the notice was in affidavit form. The notice, and the proof thereof, were in form and substance sufficient, and the proof of the notice was duly spread upon the journal of the House. The message from the House to

[Sellers v. The State.]

the Senate, in respect to the passage of the bill, was accompanied by the notice and the proof of the same; but in spreading the affidavit (the proof of the notice) on the journal of the Senate the name of the notary public was left out. It does not appear either in the body of the affidavit or to the jurat. The place for such name is left blank. And to the journals we are confined for the notice and proof of the same.—State v. Brodie, 148 Ala. 381, 41 South. 180; Ex parte Howard-Harrison Iron Co., 119 Ala. 484, 24 South. 516, 72 Am. St. Rep. 928. "The true test of the sufficiency of a paper as an affidavit is the possibility of assigning perjury upon it if false. To meet this test it must be sufficient both in form and in substance."—1 Ency Pl. & Pr. 310; 2 Cyc. 22; Hyde v. Adams, 80 Ala. 111. While this court has several times held that it is not essential that the officer's name should be attached to the jurat, in legal proceedings. (Watts v. Womack, 44 Ala. 605; Hyde v. Adams, 80 Ala. 111, and cases there cited), yet it has never decided that it is not necessary to the validity of the affidavit that the name of the officer should be disclosed by it in some way. And we now hold that it is essential to the validity of the affidavit that the name of the officer be disclosed either by the recitals in the body of the affidavit or by his signature to the jurat.—2 Cyc. 10, 31; State v. Hutchinson, 10 N. J. Law, 242; Heffernan v. Harvey, 41 W. Va. 766, 24 S. E. 592. Upon the foregoing considerations it logically follows that proof of the notice was not spread upon the journal of the Senate.

The question then arises: Was the spreading of the proof of the notice on the Senate Journal essential to a compliance with the Constitution, in view of the fact that the proof was spread upon the House Journal? In other words, does the Constitution mean that the proof should be spread on the journal of each house? We have no case decisive of this precise point; but it would seem

that we need to look for no other aid than common understanding of plain words for a correct interpretation of the Constitution on the subject. We transcribe that part of section 106 in judgment: "And proof by affidavit that said notice has been given shall be exhibited to each house of the Legislature and said proof spread upon the journal. The courts shall pronounce void every special, private or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section."—See, also, section 107 of the Constitution. Whether considered from a judicial or a grammatical point of view, it must be held that from this plain language of the Constitution there can be evolved no other meaning than that, in order to meet the constitutional requirements, the proof must be spread upon the journal of each house.—Cooley's Const. Lim. pp. 186, 195, 245, bottom last page; *Jones v. Hutchinson*, 43 Ala. 721; *Moody's Case*, 48 Ala. 115, 17 Am. Rep. 28; *State v. Brodie*, 148 Ala. 381, 41 South. 180; *Childers v. Shepherd*, 142 Ala. 385, 39 South. 235; *Wallace v. Board of Revenue*, 140 Ala. 491, 37 South. 321. The amendatory act of August 2, 1907, was not passed in accordance with section 106 of the Constitution; and by the very terms of that section the court is required to pronounce it void. Such is now our decision.

It follows that the court erred in quashing the venire of grand jurors, that the grand jury that preferred the indictment was illegally organized, and that the indictment will not support the judgment of conviction. Let the judgment of conviction be reversed, and the cause remanded; but the prisoner will be detained in custody until discharged by due course of law.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.