### MALCOLM HUFTY v. THEODORE D. WILSON.

Argued June Term, 1909—Decided October 16, 1909.

The revision of the Practice act (*Pamph. L.* 1903, *p.* 537, § 56) regarding the issuing of a writ of *capias ad respondendum* in tort actions by using in such amendment the very language used in the statute long on our books concerning its issue in contract actions (*Practice act* 1903, § 57) will be construed in the same way that the provisions of the statute have been construed which relate to actions on contract.

---

In tort. On application to set aside order to hold to bail.

For the application, *Patterson & Rhome* and *Edmund Wilson*, attorney-general.

*Contra, Charles E. Cook.*

The opinion of the court was delivered by

VOORHEES, J. This is an application to set aside the order of a Supreme Court commissioner that the defendant be held to bail in $10,000 in an action of tort for the alienation of the affections of plaintiff's wife.

In actions of tort the rule is that there must be an order to hold to bail by a judge or commissioner, but only upon proof by affidavit disclosing a good cause of action and some special circumstances why the order should be made. *Benson* v. *Bennett,* 1 *Dutcher* 166. Actions for outrageous battery or mayhem and actions for seduction are said to be exceptions to this rule. *Wert* v. *Strouse,* 9 *Vroom* 184. Special reasons ordinarily cited are non-residence of the defendants, or facts and circumstances from which it may be inferred that the defendant may not be in the jurisdiction to answer to a judgment when rendered.

Before the present revision of the Practice act of 1903, the statutes were practically silent upon the holding to bail in actions of tort save that an affidavit of the cause of action should be made and filed in the cause, and that nothing in that act contained should prevent a judge from ordering, as theretofore, defendant in any action to be held to special bail as the judge under all the circumstances of the case shall think proper, which sum shall be endorsed on the process. *Gen. Stat., p.* 2542, § 55. Hence where the judge's order was simply endorsed upon the writ it was held good. In *Wert* v. *Strouse, supra,* Justice Scudder states that the contrary idea arose from confounding the practice pursued in actions on contract when the judge's order is distinct from the writ. In the revision of 1903 of the Practice act the above-mentioned section 55 has been incorporated in section 56, which prescribes the law for the issuance of a *capias ad respondendum* in actions of tort and forbids its use "except upon proof to the satisfaction of the judge of the grounds upon which bail is required and thereupon the   *   *   *   judge   *   *   * shall make an order for bail in such sum as he shall under the circumstances of the case think proper and such sum shall be endorsed on the *capias* in words at length; on filing the proof

and said order a *capias ad respondendum* shall be issued, but no such order shall be made unless  \*  \*  \*  the proof establishes special cause as heretofore for holding the defendant to bail." This is substantially a copy of the procedure prescribed for holding to bail in actions upon contract.

Now, in actions upon contract it has been held that the order to hold the defendant to bail must show upon its face that the judge has exercised his judicial discretion and made a decision upon it and that the proof of the particulars necessary to authorize the awarding of the writ was satisfactory, otherwise the writ will be unauthorized and illegal. *Hill* v. *Hunt, Spenc.* 476; *Perry* v. *Orr,* 6 *Vroom* 295 (at *p.* 301), in which latter case it was said that an order irregular on its face should be quashed.

I take it that the amendment of the statute in regard to the issuing of this writ in tort actions by using in such amendment the very language used in the statute long on our books concerning its issue in contract actions, will be construed in the same way that the provisions of the statute have been construed which relate to actions on contract. That being so, it is necessary to turn to the order of the commissioner made in this case to see if it is sufficient under the act. It states, "I do adjudge and decide that by the affidavit it is sufficiently proved before me that  \*  \*  \*  the defendant alienated the affections of the wife of the plaintiff and induced her to leave her husband and come to New Jersey, and that he has been living with the said wife of the plaintiff  \*  \*  \* since that time to the present time and is still living with her." Assuming that this is a sufficient statement of a good cause of action, we pass to the remainder of the order for the special circumstances necessary for the awarding of the writ. The order continues: "And that he, the defendant, is now under bail to answer a charge of adultery with the wife of the plaintiff  \*  \*  \*  at, &c., in Monmouth county."

I fail to see any special cause adjudged in this affidavit as proved to the commissioner which would warrant the issue of the writ. The non-residence of the defendant is not ascertained; no adjudication is made that the defendant will not

be present in the jurisdiction at the time of the rendition of the judgment; nor can I understand how the fact that the defendant has given bail to answer a criminal charge shows a special reason why he should be arrested in a civil action.

I think, therefore, that the order made by the commissioner fails to adjudge that the proof establishes any special cause recognized by the law as sufficient for holding a defendant to bail.

But, if I am wrong in according to the order of the commissioner so great effect and turn to the affidavits or proofs offered before the commissioner, we find no effective evidence to rely upon. The affidavit states that the defendant lived in Washington until 1896 when he moved to Elizabeth, New Jersey, and thence to New York and afterwards to Plainfield, New Jersey, and that Wilson lived with his paramour at Asbury Park until April, 1909, going daily to New York to his business and returning in the afternoon; that a warrant was secured by the plaintiff in Asbury Park on August 28th, 1909, for the arrest of Wilson on the ground of adultery with his wife. The officer having the warrant failed to find them when he went to the house to make the arrest, but that Wilson subsequently on September 9th returned to Asbury Park and gave bail to await the action of the grand jury meeting in October, 1909. The inference to be gathered from this affidavit is that Wilson is a resident of New Jersey, but as stated by the court in *Benson* v. *Bennett, supra,* it will be presumed that the defendant is a resident of the state if the contrary does not appear by the affidavit, so that I think the affidavit fails to show non-residence. The affidavit continues that defendant had made all preparations to leave with affiant's wife and children for New York at the time of the warrant being issued and that he is now making every preparation for the purpose of leaving the state to go to New York, and unless he is required to give bail, plaintiff will be unable to make him respond to the action, and that defendant has recently said that he is going to leave the State of New Jersey and will not return. The Benson case decides that the statement that the plaintiff believes he will be unable to make the defendant

answer unless he be held to bail, though showing no reason for that belief, is insufficient. The reasons stated should amount to proof and should not be the conclusions of the affiant. Proof, it has been held, when used in a legislative enactment, means competent and legal evidence, testimony that conforms to the fundamental rules of proof, one of which excludes hearsay evidence, however trustworthy the informant or however implicit may be the deponent's belief in the truth of what he has heard. *Inglis* v. *Schreiner,* 29 *Vroom* 120.

So, I think the affidavit shows no reason for his belief that the defendant will not be here unless bail be required and that the statement of the plaintiff that the defendant has made all preparations and is making preparations to leave is merely a statement of the conclusions of the witness without the averment of any facts from which the commissioner might have determined and adjudicated that the defendant was about to depart. I am, therefore, of the opinion that the affidavits do not disclose proof of the special causes requisite for the issue of the order.

An order will be made that the order to hold to bail be set aside and that the defendant be discharged from arrest and his bail discharged and that the action proceed as if commenced by summons.