[Sisk v. Cargile *et al.*]

# Sisk *v.* Cargile *et al.*

*Bill in Equity to enjoin Levy of Tax by County Commissioners.*

1. *Constitutional law; when statute not amendatory.*—The constitutional provision prohibiting the amendment of a law "by a reference to its title, only," etc., (Const. 1901, § 45), does not apply to a law which is original in form and complete and intelligible of itself.

2. *Same; same; construction of statute, providing for payment of principal and interest of bonds issued by Jackson county.* The statute approved February 28th, 1903, entitled "An act to provide means for the payment of the interest and principal of certain bonds to be issued under 'An act to authorize Jackson county to build macadamized roads and bridges, and to issue bonds of the county to aid in the construction and building thereof,' approved December 7, 1898, and acts amendatory thereto," (Local Acts, 1903, p. 106), is an act original in form, complete and intelligible of itself, and does not offend section 45 of the Constitution of 1901, prohibiting the amendment of an existing law by reference to its title only.

3. *Same; constitutional prohibition as to passing special or local laws.*—Except or beyond the thirty-one instances specified in section 104 of the Constitution, 1901, the Legislature has the same power as it had before the adoption of the present Constitution, to pass local or special laws, relating to local or special interests, when there is no general law under which relief is granted or may be had, and when the relief sought cannot be given by any court of this State.

4. *Same; same; construction of statute providing for levy of tax to pay bonds issued by Jackson county.*—The statute approved February 28th, 1903, entitled "An act to provide means for the payment of the interest and principal of certain bonds to be issued under 'An act to authorize Jackson county to build macadamized roads and bridges, and to issue bonds of the county to aid in the construction and building thereof,' approved December 7th, 1898, and acts amendatory thereto," (Local Acts, 1903, p. 106), does not infringe the constitutional provisions, prohibiting the Legislature from passing special or local laws (Constitution, 1902, §§ 104, 105, 109);

[Sisk v. Cargile *et al.*]

nor is it violative of subdivision 15 of section 104; said act providing for the levy of a special tax, which is purely the. exercise of a legislative power.

5. *Constitutional law; act providing for levy of special tax in Jackson county for payment of bonds not violative of § 215 of the Constitution.*—The statute approved February 23d, 1903, entitled "An act to provide means for the payment of interest and principal of certain bonds to be issued under 'An act to authorize Jackson county to build macadamized roads, and bridges, and to issue bonds of the county to aid in the construction and building thereof,' approved December 7th, 1898, and acts amendatory thereto," (Local Acts, 1903, p. 106), authorizing the levy of a special tax for the purpose of paying the interest and principal of certain bonds of Jackson county which were to be subsequently issued, under the authority of the act authorizing the building of macadamized roads in said county, is not violative of section 215 of the Constitution of 1901, in that the special tax, provided for therein, when added to the existing tax in said county was greater than one-half of one per cent.; there being a special provision in said section of the Constitution for the levy of a special tax for the purpose of paying a debt or liability created after the ratification of the Constitution for the erection of necessary public buildings, bridges or roads.

6. *Same; said act not violative of section 224 of the Constitution.*. Said act is not violative of section 224 of the Constitution of 1901, prohibiting a county to become indebted in an amount, including present indebtedness, greater than three and one-half *per centum* of the assessed value of the property therein; levy of said special tax being for the payment of the interest and principal of the indebtedness of said county which was already authorized by an existing law at the time of the ratification of the Constitution, and, therefore, falling within the meaning of the special provision contained in section 224.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant, William D. Sisk, a resident tax payer of Jackson county, against the appellees, as members constituting the court of county commissioners of Jackson county.

The following facts are averred in the bill: By virtue of an act to authorize Jackson county to build macadamized roads, and bridges, and to issue bonds of the company to aid in the construction thereof, approved

[Sisk v. Cargile *et al.*]

December 7th, 1898, and acts amendatory thereto, Jackson county has issued from time to time prior to November 1st, 1902, bonds of the county, aggregating the sum of $187,500.00. The total bonds authoriezd to be issued by said act was $250,000.00. The bonds so issued are outstanding, the proceeds having been expended in the construction of macadamized roads and bridges, pursuant to said act. The system of roads set out and described to be constructed under said act have not been completed, and cannot be completed without a sale and use of the proceeds of the remaining $62,500.00 of bonds, authorized by said act. At the November term, 1902, the board of county commissioners of Jackson county made an order, authorizing the issuance of said remaining bonds. To facilitate a sale of said bonds. and to provide means for the payment of principal and interest thereon, there was passed by the Legislature of Alabama, and approved b ythe Governor on February 28th, 1903, "An act to provide means for the payment of the principal and interest of certain bonds to be issued under 'An act to authorize Jackson county to build macadamized roads and bridges, and to issue bonds of the county to aid in the construction and building thereof.' approved December 7th, 1898, and acts amendatory thereto. Under the authority of the last named act, the court of county commissioners are proceeding to issue $62,500.00 of bonds for the county of Jackson, and are proceeding to make a levy of a special tax, under said act of 1 1-4 mills on all of the taxable property of said county and, unless enjoined, will levy said tax and enforce the collection thereof against the property of complainant, and other tax payers of said county. The levy of 1 and 1-4 mills, as an additional tax, sought to be levied solely by authority of the act approved February 28th, 1903. It was then averred in the bill that said act was unconstitutional and void; the averments of said bill as to its unconstitutionality and validity being in words and figures as follows: "The proposed levy of such special tax is illegal and void for the reason that the act of the Legislature of Alabama, under which it is made, is violative of various provisions of the Constitution of Alabama, 1901, as follows:

[Sisk v. Cargile *et al.*]

"It is violative of section 45, in that the act is amendatory in character and seeks to revive, amend, extend or confer the provisions of a former act by reference to its title merely, without reenacting and publishing at length the provisions so revived, amended, extended or conferred.

"It is violative of sub-division 15, section 104, in that it is a local law, regulating the assessment or collection of taxes not in connection with existing municipal indebtedness created prior to 1875.

"It is violative of section 104, in that it is a local law authorizing the county to issue bonds, whereas, the issuance of said bonds has not been authorized before the enactment of such law, by a vote of the duly qualified electors of said county, at an election held for that purpose.

"It is violative of section 105, in that it is a local law enacted in a case provided for by general law, or in which the relief sought can be given by the courts of the State.

"It is violative of section 106, in that it is a local law, and notice of the intention to apply therefor was not published and proof of said notice made as required by said section.

"It is violative of section 107, in that it is a local law, modifying an existing law without notice and proof as required by said section.

"It is violative of section 215, in that, it seeks to levy a greater rate of taxation for county purposes than one half of one per centum on the taxable property of the county, and is not for any of the purposes enumerated in said section for which an additional levy may be made. It seeks to authorize a special levy for bonds authorized by existing law, and not for a debt created for roads after the ratification of the Constitution of 1901.

"It is violative of section 224, in this, the total assessed value of taxable property in Jackson county at the date of the approval of said act was, and now is, $4,133,243.00. At the time of the ratification of the constitution of 1901 such assessed value did not exceed $4,000,000.00, but was about said sum. At the date of such ratification Jackson county had outstanding

[Sisk v. Cargile *et al.*]

bonded indebtedness issued under the act of 1898 aforesaid, and which is still outstanding to the amount of $125,000.00. On March 1st, 1902, Jackson county issued another series of said bonds of $62,500.00, making a total bonded debt at the time of the passage of the act of February 28th, 1903, and now outstanding of $187,500.00. The issuance of the remaining $62,500.00 of bonds for which the special levy is to be made makes a total debt of about $250,000.00, which exceeds three and one half *per centum* of the assessed value of taxable property, and further exceeds five *per centum* of the assessed value of such taxable property. Wherefore, complainant says the special levy sought to be made is to be applied to illegal indebtedness, being in excess of the limit prescribed for county indebtedness by said section 224."

The prayer of the bill was that an injunction be issued, restraining the defendants as constituting the court of county commissioners from making the special levy of the tax, as in the bill set forth, under authority of the act of February 28th, 1903. The act approved February 28th, 1903, and copies of the Journals of the two Houses, relating thereto are set forth as exhibits to the bill. The respondents demurred to the bill upon the following grounds: "(1) The bill shows no ground of objection to the proposed levy of a special tax. The act of February 28th, 1903, is valid and authorizes such levy. (2) The act is not amendatory, or reviving in character, but is original in form and substance, and is not violative of section 45 of the constitution of Alabama. (3) The act is not one 'regulating the assessment or collection of taxes,' within the prohibition of sub-division 15, section 104 of the constitution. It authorizes merely a levy of a tax. A legislative function wholly separate from the assessment and collection of same. (4) It is not an act authorizing a county to issue bonds within the prohibition of sub-division 17, section 104 of the constitution. Its sole purpose is the levy of a tax to pay a bonded debt to be created under authority of and for purposes named in the bond act of 1898. (5) Said act is not violative of section 105 of the

[Sisk v. Cargile *et al.*]

constitution. There is no general law, authorizing counties to levy a special tax for roads, or for payment of bonded debts created to build roads. (6) The act is not violative of section 106. The bill shows by the exhibit of the House Journal thereto that notice was given of the intention to make application for its passage, and proof made, in all respects as required by said section. (7) The bill shows that section 107 was strictly complied with in the passage of the law; and further that it is not an act to repeal or modify any existing local law. (8) The act is not violative of section 215. The bill shows and the act itself shows that the tax so levied is for the payment of a debt created, after the ratification of the constitution, for building roads, and is therefore for a purpose specially authorized by said section. (9) The act is not violative of section 224. The bill shows that the bonded debt to be paid by such levy was authorized by existing law at the time of the ratification of the constitution, and is specially exempted from the limitation on county indebtedness prescribed by said section.

The respondents also made a motion to dismiss the bill for a want of equity. On the submission of the cause, upon a motion to dismiss the bill for a want of equity, the chancellor rendered a decree, sustaining each of them, and ordering the bill dismissed. From this decree complainant appeals and assigns the rendition thereof as error.

W. H. NORWOOD, for appellant.—The act of the legislature under which the court of county commissioners purport to be acting, and its action is sought to be restrained by the present bill, is violative of §§ 45, 104, 105, 106, 107, 215, and 224 of the constitution of 1901.— *Ex parte Matthews,* 52 Ala. 51; *Taylor v. Wood,* 52 Ala. 474; *Cooley Const. Lim.* (4 ed.), page 64, (note 2); *People v. Mayor of Chicago,* 51 Ill. 17; *Bay City v. State,* 28 Mich. 504; 2 Am. Rep. 278; *Cooley Const. Lim.* page 272; *Livingston v. Wider,* 53 Ill. 320; *People v. Vanly,* 55 Ill. 33; *Wider v. St. Louis,* 55 Ill. 133; *Gage v. Graham,* 57 Ill. 144; *East St. Louis v. Witt,* 59 Ill. 155; *Marshall v. Sillaman,* 61 Ill. 218.

VIRGIL BOULDIN, *contra.*—The constitution of 1901, as all former constitutions, vested the legislative power in a State Legislature, whose powers are plenary and unlimited except by special limitations imposed by the instrument. In this regard the present constitution is similar to all others.—*Mangan v. State,* 76 Ala. 60; *Phoenix Assur. Co. v. City of Mont.,* 117 Ala. 651.

The act in question is original in form and substance and not amendatory. Its sole object is to authorize the levy of a special tax for a defined purpose. The reference to the original bond act in the caption and body of this act is manifestly for the purpose of defining the subject matter to which this present levy is to be applied, and by way of description of the debt for the payment of which the tax is levied. The legislation could not well be had in the form of an amendment, for the reason that amendments, while they may not be retroactive in operation, yet for the purpose of future operation relate to the passage of the act amended. This act has no such effect, but relates to a condition and subject matter existing subsequent to the original act. It does not destroy the provisions of the original act as to means of paying the bonded debt, but provided additional means, when the necessity arises, by a special levy. All other provisions of the act are merely administrative and do not affect its character or validity.— *State ex rel v. Rogers,* 107 Ala. 444; *Thomas v. State,* 124 Ala. 48; *Gandy v. State,* 86 Ala. 20. The gravamen of the act is the levy of a special tax, a purely legislative power, while the duties of the various officers in relation to the assessment and collection of taxes are ministerial and sometimes quasi-judicial.—*State v. Brewer,* 64 Ala. 287; *Perry v. S. M. & M. Ry.,* 58 Ala. 546; *Same case,* 65 Ala. 391; *Fox v. McDonald,* 101 Ala. 51, (69.)

HARALSON, J.—The act in question is original in form, complete and intelligible in itself. It simply provides, by a special levy of taxes, as necessity therefor arises, additional means to pay the bonds authorized by an original act, passed in 1898 for the construction of public macadamized roads in Jackson county. All

other provisions of this special act are merely adminis-
trative, and do not affect is validity. That it does not
offend section 45 of the constitution, prohibiting the
amendment of an existing law by reference to its title
only, is fully settled by former decisions of this court.
*Gandy r. State,* 86 Ala. 20; *State v. Rogers,* 107 Ala.
444; *Thomas v. State,* 124 Ala. 48; *Keene v. Jefferson
County,* 135 Ala. 465; 33 So. Rep. 437.

Section 104 of the constitution prohibits the legisla-
ture from passing a special or local law in any one of
thirty-one specified instances. A local law, as here re-
ferred to, is defined, under another section,— § 110,—to
be one which applies to any subdivision or subdivisions
of the State, less than the whole, and a special or pri-
vate law is one which applies to an individual, asso-
ciation or corporation. There are an indefinite number
of local, private and special interests, impossible to be
anticipated, and which the framers of the constitution
did not attempt to enumerate. They did provide by
section 105, that "no special, private or local law, ex-
cept the law fixing a time of holding courts, shall be en-
acted in any case which is provided for by a general law,
or when the relief sought can be given by any court of
this State." In this connection it may be stated, that
there is no general law in Alabama authorizing the levy
of a tax for the payment of debts incurred for road pur-
poses, and no relief can be had in the courts, since the
levy of a tax is a legislative power. They also provided
by section 109, that "the Legislature shall pass general
laws under which local and private interests shall be
provided for and protected." When, however, the relief
in this class of undefined local, special and private in-
terests is not provided for by general laws, and the Leg-
islature has failed to pass such laws, there is nothing in
the Constitution which is a limitation on the right of the
Legislature to pass special, private or local laws, except
in one of the thirty-one specified instances named in
said section 104. In these instances, the Legislature
must pass general statutes for relief, or none can be had,
unless the same is already provided for by a general
law. Section 109 was intended to impose a duty on the
Legislature, by the enactment of general laws to that
end, to protect local, private and special interests, but

it is not, as in the thirty-one enumerated instances in section 104, a limitation on its power to pass special laws to this end. The power of the Legislature to pass laws of a private, local or special interest, was unlimited; and outside of or beyond these thirty-one specified instances, the Legislature has the same power it had before the adoption of the present constitution, provided there is no general law under which relief is granted or may be had. The constitution of 1901, as did all the former constitutions of the State, vested legislative authority in the State Legislature, whose powers are plenary and unlimited except by special limitations imposed by the instrument, and in this respect the present constitution is similar to all the others.—*Mangan v. The State,* 76 Ala. 60; *Phoenix A. Co. v. Fire Dep't of Montgomery,* 117 Ala. 651.

What is here said, has no reference to limitation on the Legislature to pass laws under Art. XII on the subject of "Corporations (and) Municipal Corporations."

It is insisted that the act in question is violative of subdivision 15 of said section 104 of the constitution. This subdivision is one of the thirty-one cases in which by said section, the Legislature is prohibited to pass a special, private or local law, and reads: "Regulating either the assessment or collection of taxes, except in connection with the readjustment, renewal, or extension of existing municipal indebtedness created prior to the ratification of the constitution of eighteen hundred and seventy-five." As to this objection, we cannot do better than to adopt the reply of the learned counsel for the county: "I submit, that the *gravamen* of the present act is the levy of a tax for a defined purpose. The assessment and collection of taxes is a wholly distinct power and duty, vested in a distinct body of magistracy, from that of levying a tax. The constitution is aimed at local legislation tending to confuse the authorities in the administration of the elaborate system of laws regulating the assessment and collection of taxes. It is not aimed at the exercise of the sovereign legislative power to levy taxes for lawful purposes by local or special laws. * * * I repeat, the *gravamen* of the act is the *levy* of a special tax, a purely legislative power, while the duties of the

[Sisk v. Cargile *et al.*]

various officers in relation to the assessment and collection of taxes are ministerial and sometimes *quasi-judicial.—State v. Brewer,* 64 Ala. 287; *Perry County v. S. M. & M. R. Co.,* 58 Ala. 546; s. c. 65 Ala. 391; *Fox v. Mc-Donald,* 101 Ala. 51, 69."

Section 215 of the present constitution, like its immediate predecessor (Art. XI, § 5, Const. 1875), prescribes the limit of taxation for county purposes in any one year on the value of taxable property therein, to be not greater than one-half of one per cent. There was a proviso in that section of the constitution, found also in section 215 of the present constitution,—and in this respect the two are the same,—that to pay debts existing at the ratification of the constitution of 1875, an additional rate of one-fourth of one *per centum* might be levied and collected. There was also a second proviso in the section of the constitution of 1875, that to pay any debt or liability then existing against any county, incurred for the erection of necessary public buildings, or other ordinary county purposes, or that might thereafter be created for the erection of necessary public buildings or bridges, any county might "levy and collect such special tax as may have been or might thereafter be authorized by law." For such purposes the power of the legislature to authorize special levies, was not in terms restricted. Certainly, its powers to authorize counties to contract debts for the promotion of public enterprises, not violative of the constitutional restrictions in behalf of life, liberty and property, was not limited. The construction and maintenance of public roads was not mentioned in the constitution of 1875, and the authority of the legislature to authorize the levy of taxes by a county for road purposes, was unrestricted, the same as it was before the adoption of that instrument.—*Keene v. Jefferson County,* 135 Ala. 465; 33 So. Rep. 437, and authorities there cited.

The constitution of 1901, however, placed a limitation of the power to levy a special tax beyond a specified rate for public buildings, bridges and roads, such as had not existed in the former constitution. That provision is, "Provided further, that to pay any debt or liability now existing against any county, incurred for the erection, construction, or maintenance of the necessary public buildings or bridges, or that may hereafter be created for the erection of necessary public buildings, bridges *or roads* [italics ours], any county may levy and collect

such special taxes, not exceeding one-fourth of one *per centum*, as may have been, or may hereafter be authorized by law," etc. If the debt for such purposes was created after the ratification of the constitution, the power to make the levy of the special tax is plainly provided for, not to exceed one-fourth of one *per centum*, and this, whether the debt was for buildings and bridges or roads, and whether incurred under laws theretofore or thereafter enacted. All these subjects,—public buildings, bridges and roads,—are thus placed on the same footing as to the levy of this tax.

It is urged further, that the act under consideration violates section 224 of the present constitution. That section places a prohibition on a county to become indebted in any amount including present indebtedness, greater than three and one-half *per centum* of the assessed value of the property therein. This limitation is accompanied with a proviso, that it "shall not affect any existing indebtedness in excess of such three and one-half *per centum*, which has already been created or authorized by existing law to be created." This in terms takes off and makes inoperative this limitation of power, as it affects the indebtedness of a county in excess of three and one-half *per centum* of the assessed value of its property, as to debts already created or authorized by law to be created. As to such indebtedness, the provision is as though it were not in the constitution. But, this provision was not fully remedial, since some counties may have already incurred debts exceeding three and a half *per centum* of the value of their assessed property, and to meet this condition, another proviso was added, that in such case, the county "shall be authorized to incur an indebtedness of one and a half *per centum* of the assessed value of such property, in addition to the debt already existing." Without more, and literally construed, this proviso might have limited the authority of the county to increase its indebtedness in the case supposed, to "the debt already existing." But this same proviso, concludes by adding, "Nothing herein contained shall prevent any county from issuing bonds, or other obligations, to fund or refund any indebtedness now existing or authorized by existing laws to be created."

On the 7th of December, 1898, the legislature passed an act, "To authorize Jackson county to build macadamized roads and bridges, and to issue bonds of the county to aid in the construction and building thereof." (Acts, 1898-99, p. 43.) By the 12th section of said act, the court of county commissioners of Jackson county was *"authorized, empowered and required* [italics ours] to issue bonds of said county to the amount of two hundred and fifty thousand dollars to provide for the construction and building of said macadamized roads and the building of bridges," etc. It is shown that under this act the court of county commissioners have issued $187,500 of these bonds in and about carrying into effect the provisions of said act. It thus appears that the total indebtedness of the county, authorized by said act to be created for the purposes specified, was $250,000, one hundred and eighty-seven thousand five hundred of which amount has already been created, and the remaining $62,500, to which the special act in question relates is a part of that $250,000, and was as fully authorized and required by the original act to be created, as that part of it for which the county has already issued its bonds. The act we construe simply authorizes the funding of the $62,500, as a part of the debt of the county theretofore authorized to be created, and is not violative of said section 224 of the present constitution. Its purpose is not to create a debt not already authorized by law, but is simply in aid of the original act in its due administration by the court of county commissioners.

We have confined ourselves strictly to the grounds of attack presented by the bill to the constitutionality of the act in question, and find no merit in any of them. There is plainly no merit in the objection that no notice of the intention to apply for the passage of the act was given and proof thereof made as required by the constitution, for the journal of the legislature, made a part of the bill, shows that a requisite notice was given and proof thereof duly made.

The chancellor sustained the demurrer to the bill and the motion to dismiss it for want of equity, and in this decree we find no error.

Affirmed.