# Jacobs *v.* State.

### *Violating Road Law.*

[Decided April 5, 1906, 40 So. Rep. 572.]

1. *Statutes; Local Acts; Notice of Intention to Apply.*—The affidavit made by the publisher of the newspaper in which the notice was inserted, that the notice contained a copy of the bill proposed for passage, and containing the other things necessary to be therein stated, was a compliance with § 106 of Constitution of 1901, requiring notice and proof of intention to pass a local law.

Appeal from Jackson Circuit Court.

Heard before Hon. W. W. Haralson.

The defendant was indicted, tried and convicted for violating the road law of Jackson County. The facts sufficiently appear in the opinion.

James A. Bilbro, for Appellant.—The act being intended as a complete system for the maintenance of the public roads of Jackson County, supersedes and repeals all other laws in reference thereto. The act does not constitute the failure to work the public roads a crime. It provides a mere penalty recoverable alone by civil action, besides the violation of the local law will not justify prosecution under a general law without specific legislation to that end.

The act in question is void as violative of Sec. 106 of of the Constitution of 1901.

Massey Wilson, Atty. Gen. and Virgil Bouldin for the State. The proof by affidavit of the intention to introduce and pass the bill in question sufficiently shows the affirmative facts necessary to be shown and it sufficiently appears on the journals of the House and Senate. *Sisk v. Cargile,* 138 Ala. 154; *Lancaster v. Gafford,* 139 Ala. 372; *Wallace v. Board of Revenue,* 140 Ala.

491; *Tillman v. Porter,* 38 So. 647; *Alford v. Hicks,* 38 So. 752; *Law v. State,* 38 So. 798; *Town of Elba* v. *Rhodes,* 38 So. 808; *Brame v. State,* 38 So. 1031.

ANDERSON, J.—The defendant was tried and convicted under section 12 of the road law for Jackson county. Local Acts 1903, p. 682. The record discloses the liability of defendant to road duty, a legal warning under the act, and a default by him.

It is insisted by counsel for appellant that this law, being a local one, is repugnant to section 106 of the Constitution, owing to the insufficiency of the proof of the notice of the intended application. This act, as passed, is House Bill No. 997. We find on page 1688 of the House Journal where this bill was introduced, and immediately following it is the affidavit of Brown, the publisher of the Progressive Age, which states the notice "contained a copy of the bill proposed," and which is otherwise sufficient. All that the law requires is publication and proof of the substance, yet in the case at bar the proof shows that the entire bill was published, and the affidavit can have reference to no bill other than the H. B. No. 997, which is this bill. This court held that proof sufficient, which was identical with this affidavit, in the case of *Sisk v. Cargile,* 138 Ala. 164, 35 South. 114; House Journal 1903, p. 326.

The recital in House Journal, p. 2167, shows a sufficient compliance with section 66 of the Constitution of 1901 as to dispensing with the reading of the bill at length by a two-thirds vote of the house. The record of the day's proceedings shows that a quorum of the house was present.

The judgment of the circuit court is affirmed.

Affirmed.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.