[Ex parte Kelly.]

# Ex parte Kelly.

## *Prohibition.*

(Decided Dec. 19, 1907.   45 South. 290.)

1. *Statutes; Special and Local Laws.*—The act of February 28, 1907, and the act of August 8, 1907, providing for the holding of terms of the circuit court of Coosa county at Goodwater are not violative of sec. 105, Constitution 1901, as the conditions therein prescribed do not exist.

2. *Same; Enactment; Evidence; Journals.*—As to whether notice was given as required by section 106, Constitution 1901, the courts are governed by the recitals thereof in the journals of the legislature.

3. *Same; Notice of Intention.*—The giving of a notice setting out in substance a proposed law and that application will be made for the passage of an act of which the foregoing is the substance, except that a certain place therein named will be included, is sufficient as to the named place, under section 106, Constitution 1901, since said section points out no particular form as to the giving of such notice.

4. *Statutes; Venue; Providing for Change of.*—The acts of Feb. 28, 1907, and Aug. 8, 1907, are not statutes providing for change of venue and are not violative of section 75 and 104, subd. 12, of the Constitution of 1901.

5. *Same; Special or Local Laws; Notice of Intention; Signing.*—Section 106 of the Constitution of 1901 does not make the signing of the notice of intention to apply for the passage of local or special laws a prerequisite to their passage, and a notice signed ',Many Citizens" is not invalid by reason thereof.

6. *Same; Discrepancy Between Notice and Act.*—The notice provides that the first term shall be held in a certain building which has been provided for the holding of the court by the mayor and aldermen of G., until the commissioner's court of the county may provide another building; the act does not mention the building, but provides that the court shall be held in such building as may be provided by said mayor and aldermen, etc., and provides that nothing in the act shall be construed as requiring the commissioner's court to provide a court house. Held, not to render the law invalid by reason of section 106 of the Constitution of 1901. Nor is the act rendered invalid by reason of discrepancy between the notice and the provisions of the act in reference to the sheriff and clerk.

Original petition in the Supreme Court.

Writ of prohibition on the part of Kelly to this court praying for an order restraining the judge of the 5th

Judicial Circuit from organizing or holding a term of the circuit court at Goodwater, and to order said judge to transfer his cause to the docket of the circuit court at Rockford.   Writ denied.

FELIX L. SMITH, and LACKEY & BRIDGES, for petitioner.   The act passed was a local law.—Sec. 105, Constitution 1901; *City Council of Montgomery v. Reese,* 43 South. 116.   Notice which includes a particularly named territory is wholly insufficient to support a law embracing substantially different territory.—*Brame v. The State,* 38 South. 1031; *Alford·v. Hicks,* 142 Ala. 355. The Act is void and unconstitutional because it contains clauses not expressed in the title.—*Bradley v. The State,* 99 Ala. 177; *Rice v. Westcott,* 108 Ala. 353; *Woolf v. Taylor,* 98 Ala. 254; *Ex parte Reynolds,* 87 Ala. 138; *Bell v. The State,* 115 Ala. 87; Sec. 45, Constitution 1901; 145 Ala. 499; 146 Ala. 198; 124 Ala. 132.

ALEXANDER M. GARBER, Attorney General and RIDDLE & ALLEN, for the State.   The court takes judicial knowledge of the contents of the house and senate journals, and will not hear evidence to sustain or defeat the statute.—*Moog v. Randolph,* 77 Ala. 597; *State ex rel. Frederick v. Brodie,* 41 South. 189.   The fact that beat No. 16 was not included in the act, although included in the notice, does not render the act invalid.—*Ensley v. Cohn,* 42 South. 827.   The act is not violative of subd. 12 of section 104.—*Dudley v. Bir. Ry. L. & P. Co.,* 36 South. 700.   Said acts are not violative of section 105 of the Constitution.

SIMPSON, J.—This is a petition for a writ of prohibition, to be issued to the judge of the Fifth judicial circuit, restraining him from organizing or holding, or causing to be organized or held, a term of the circuit

court at Goodwater, and from putting petitioner on trial at said place, and requiring his case to be restored to the docket of the circuit court at Rockford. It is alleged in the petition, and admitted in the answer to the rule nisi, that the petitioner was indicted by the grand jury at Rockford, that the indictment is in due form and regular, and that his case has been transferred to the docket at Goodwater by virtue of the Acts of the Legislature of Alabama approved February 28 and August 8, 1907, respectively, which acts provided for holding terms of the circuit court at Goodwater, in Coosa county, for the trial of (among other matters) criminal prosecutions where the offense was committed in certain precincts of said county. It is not denied that the offense, if committed, was committed in one of the precincts named. The point of attack is the constitutionality of said acts, or either of them.

It is insisted, first, that the acts in question are violative of section 105 of the Constitution of 1901, which prohibits the enactment of any "special, private, or local law, except a law fixing the time of holding courts," "in any case which is provided for by a general law, or when the relief sought can be given by any court of this state." It is a sufficient answer to this contention that there is no general law by which any provision could be made for holding terms of the circuit court at Goodwater, nor could any court grant any such relief.

It is next contended that, as to the first act passed, the notice given under section 106 of the Constitution of 1901 varied from the act as passed, in that the first two issues of the paper included Crews' beat No. 16 in the precincts to be included in the act, and it is not in the act. From a certified transcript, under the seal of the Secretary of State (the journals not being yet published), it appears that this contention is not sustained. On the contrary, it is shown that the notice in regard to the

first act corresponded exactly with the act; the precincts mentioned in both being precincts 3, 4, and 5. We must be governed by the journals.—*State of Alabama ex rel. Frederick et al. v. Brodie,* 148 Ala. 381, 41 South. 180. Both the first notice and the second notice set out in full the bill which is to be introduced, and the second has appended to it these words: "Notice.—Application will also be made to the Legislature of Alabama for the passage of an act of which the foregoing is the substance, except Jordan's beat will be included with beats 3, 4 and 5 in the territory and jurisdiction of the circuit court at Goodwater." All of the notices are signed, "Many Citizens." The second act is identical with the first, except that it adds to the precincts 3 (Soccapatoy), 4 (Goodwater), and 5 (Mt. Olive) that of "No. 12, Jordan precinct." The Constitution does not point out any particular form in which the notice shall he given, and we hold that the setting out of the copy which is stated to be the substance of the bill, with the added notice above set out, is a sufficient compliance with section 106 of the Constitution of 1901, so as to make valid the insertion of precinct 12 in the act.

There is no force in the suggestion that these acts are violative of section 75 and of section 104, subd. 12, of the Constitution of 1901, relating to the change of venue.—*Dudley v. Birmingham Ry., Lt. & P. Co.,* 139 Ala. 453, 458, 36 South. 700.

Section 106 of the Constitution of 1901 does not require the notice to be signed by any one, and consequently there is no force in the objection to the notices in this case that they were signed simply, "Many Citizens."— *Dudley v. Fitzpatrick,* 143 Ala. 162, 265, 39 South. 384.

The first act (towit, No. 119, Senate Bill 247) follows the first notice in providing that the court shall be held on the date named, or as soon thereafter as a suitable courthouse shall be provided without cost to the county,

and also in requiring the sheriff and clerk to execute bonds for the faithful performance of the duties at Goodwater until the expiration of the terms of the present incumbents, and in providing that the act shall not go into effect until a courthouse is provided. So there is no discrepancy between the first notice and said first act.

The second notice provides that the first term of the court shall be held in the "two-story brick building known as the 'Griel Building,' that has been provided for the holding of said court by the mayor and aldermen of Goodwater, until such time as the commissioners' court of said county may provide for and designate some other building, within the corporate limits of the town of Goodwater, for the holding of said circuit court." The second act (towit, No. 589, Senate Bill 402) follows the language of said notice, except that the Griel Building is not mentioned, but provides that court is to be held in "such building as may be provided * * * by the mayor and aldermen" etc., and at the end of the paragraph provides that "nothing herein shall be so construed as to require the commissioners' court" to provide a courthouse. This discrepancy is too slight upon which to base a declaration of the unconstitutionality of the act. In both the building is to be provided by the mayor and aldermen of Goodwater, and in both it is evident that no liability is fixed upon the county; yet under either, if the commissioners' court should at any time conclude to furnish a courthouse, the court would naturally and legally be held there.

Said second notice requires the sheriff and clerk to execute bonds for the faithful performance of the duties of their respective offices until the expiration of the terms of the present incumbents, while said second act provides that they shall be liable on their official bonds

for acts done at Goodwater. This, like the last-named seeming discrepancy, is one of those details which does not go to the substance of the act, and, in view of section 3087, cl. 2, Code 1896, was a proper disposition to make of that matter.

Both acts being constitutional, the writ of prohibition is denied.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.