155 So. 699

## In re OPINIONS OF THE JUSTICES.

## In re APPROPRIATION TO SPECIAL EDUCATIONAL TRUST FUND.

### No. 31.

Supreme Court of Alabama.
June 26, 1934.

Response to questions propounded by Governor.

Questions propounded by the Governor to the Justices of the Supreme Court, under Code 1923, § 10290.

Questions answered.

June 15, 1934.

to the Justices of the Supreme Court of Alabama:

Gentlemen: Under section 10290 of the Code of Alabama, I hereby request an opinion of the Justices of the Supreme Court on the following important constitutional questions:

The General Appropriation Bill, approved November 9, 1932, and found in General Acts of Alabama, Extra Session 1932, pages 321 to 331, contains as part of section 21 and as subdivision 8 of said section 21, an appropriation of $1,500,000.00 for the year beginning October 1, 1932, and of $2,000,000.00 for each of the years beginning October 1, 1933 and 1934, to the Alabama Special Educational Trust Fund.

Will you please advise whether this appropriation offends section 71 of the Constitution.

Please also advise whether or not it offends section 256 of the Constitution in that the appropriation, if available, would not be apportioned to the several counties in proportion to the number of school children of school age therein, but would be apportioned under the provisions relating to the Alabama Special Educational Trust Fund.

Does this appropriation offend the provision of section 71 of the Constitution that:

"The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools."

If this appropriation is void under the Constitution should it be disregarded and the remainder of the appropriation bill stand as enacted?

It is exceedingly important that we have this question settled since there are insufficient funds to meet all of the appropriations in full and there must be a proration under the provisions of the Budget Law and it is necessary to know whether or not this appropriation should be taken into consideration in making the proration. The Special Court recently passing on the question of proration under the Budget Act did not pass on this question and it was not presented to them in the case which they decided.

Yours respectfully,

B. M. Miller
[Signature]
B. M. Miller, Governor.

Response of the Justices.

To His Excellency, Hon. B. M. Miller, Governor of Alabama, Montgomery.

Sir: In response to your request for an advisory opinion on the constitutionality of subdivision 8 of section 21 of the General Acts of Alabama, Special Session 1932, found on page 326, beg to advise:

Section 256, Constitution, puts the duty upon the Legislature to establish and maintain a liberal system of public schools for the benefit of children between seven and twenty-one years. It also directs that the public school fund shall be apportioned to the several counties in proportion to the number of children of school age in each county.

A majority of the Justices of this court have expressed the opinion that "the public school fund dealt with by this section is the fund arising from the specific sources enumerated in and appropriated to the general public school fund by sections 257, 258, 259, of the Constitution, and such supplement thereto as may be set apart out of the general treasury to this fund by the general quadrennial appropriation act, referred to in section 71 of the Constitution, and other appropriations set apart to the school fund to be apportioned under the Constitution and statutes by the educational authorities of the state." In re Opinions of the Justices, 215 Ala. 524, 111 So. 312, 313.

Section 260, Constitution, is specific that such fund must be used to support and maintain the public schools, and adds to it 30 cents on each $100 of taxable property (the total being 65 cents—section 214), and makes it the duty of the Legislature to increase such "fund from time to time as the necessity therefor

and the condition of the treasury and the resources of the state may justify."

Section 71, Constitution, provides that "the general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools," and that "all other appropriations shall be made by separate bills, each embracing but one subject."

The General Appropriation Act of November 9, 1932, page 321, entitled in the language we have quoted from section 71, Constitution, did make such appropriations. In section 21 of that act provision is made for the support of the public schools by appropriating the special funds derived from the sources named in sections 257, 258, 259, and 260, Constitution, and an additional sum of $500,000 as a special appropriation. All of this was in compliance with the authority there vested in the Legislature, and all those appropriations were for the "public schools" as in these sections contemplated, as well as in section 71, Constitution.

But, also, in section 21 of that act an annual appropriation was made out of the general fund of the treasury to enlarge the fund known as the Alabama special educational trust fund created by section 2 of the General Revenue Act of 1927, page 139 et seq., and which is set up to be composed of certain excise taxes created for the purpose.

The act of August 25, 1927, page 442, makes appropriations out of that fund. Some of those appropriations are for the public schools, but not in the proportion required by section 256, Constitution. Some are for the benefit of the state normal schools, and for the A. and M. Institute at Normal, and for school house building program, for illiteracy, vocational education, high schools, for the Alabama school of trades and industries, to create a revolving fund, for University of Alabama, Alabama Polytechnic Institute, Alabama College, and for a building program at those institutions. Much else is included relating to various aspects of the general cause of education, not necessary here to detail.

An amendment to the act of 1927, appropriating the revenues in the trust fund, was approved November 9, 1932 (page 288), on the same day that the general appropriation act of 1932 was approved, and which we have described.

The special educational trust fund was not in existence prior to the act of 1927, to which we have referred. It was created as a feature of an enlarged educational program, proposed by that Legislature, and to a large extent supplemental to other provisions for the purposes there declared. There was then no appropriation into that fund of moneys out of the general treasury, not otherwise applied to its purposes. It was the General Appropriation Act of 1932, to which we have referred, which first undertook to do that.

The state warrants which were validated by an amendment to the Constitution pursuant to the Acts of 1933, page 196, at an election held July 18, 1933, were issued against the trust fund, by virtue of the appropriations to which we have referred.

Those appropriations are now subject to the Budget and Financial Control Act of 1932, page 35 et seq.

The special educational trust fund is for educational purposes, but is not solely for the public schools. And to the extent they are for public schools, the funds are not apportioned as in section 256, Constitution.

The answer to your inquiry is dependent upon the question of whether the General Appropriation Act as authorized by section 71, Constitution, may contain appropriations to educational purposes generally. That is dependent upon the meaning of "public schools," as used in section 71.

The Constitution of 1875 contained a provision in all respects the same as section 71 of that of 1901 (article 4, § 32), and also one similar to section 256 (article 13, § 1), relating to matters that are here material.

This court held that the Legislature could not use the fund created by the Constitution for public schools to establish a university for colored people. That a University is not within the contemplation of a public school, as there intended, but that it referred to the common schools which were thus defined:

"The system of common schools, as they now exist in Alabama, originated while the Constitution of 1819 was in force, and was founded on the grant of the sixteenth section in every township by the United States to the inhabitants of such townships for the use of schools, as provided by the act for the admission of the state into the Union. The legislature,—by acts professedly adopted in pursuance with the requirements of the constitution,—provided for the organization and establishment of a public school in every township, to be under the control of 'school commissioners,' appointed from the freeholders or householders in the township; and of

trustees for each school-district, if the township should be divided into districts for the convenience and advantage of the inhabitants. * * *

"The framers of the constitution recognized, in terms, the common schools then in existence, as constituting a system of public education separate and distinct from the other educational institutions of the state, which is further manifested from the provisions that one-fifth of the aggregate annual revenue shall be devoted exclusively to the maintenance of public schools, immediately following a provision that other enumerated funds shall be inviolably appropriated to educational purposes generally. The existing system of common schools remained in operation, with such modifications as were proper to adapt it to the new mode of management, and others intended to increase its efficiency as a distinctive system; the most material of which were the appropriation to each county of the poll-tax collected therein as school money, and the apportionment of the general school fund among the counties. * * *

"The constitutional system of common schools must extend throughout the state, and must afford equal benefit to all the children thereof within the specified years. The general assembly is without authority to establish a system of common schools which does not possess, in its entirety, those distinguishing features. It is more than a presumption that the term 'public schools' was employed in the constitution in its popular meaning and sense,—the system of public schools to which the people of the state had been accustomed, and as they would understand it, in adopting the constitution. As we have said in another case, the system of public schools commanded to be established, organized, and maintained, was intended to operate upon, and in favor of, all the children equally, without special local privileges to any. Schultes v. Eberly, 82 Ala. 242, 2 So. 345." Elsberry v. Seay, 83 Ala. 614, 3 So. 804, 805.

█ With that interpretation of what the Constitution of 1875 meant by public schools, the adoption of that of 1901, in so far as it preserves the essential features of the former in this respect included the interpretation of it which this court had previously made.

█ In addition to that thought, it seems clear to us as an independent proposition that the public schools are correctly thus defined, and that an appropriation to public schools means to those schools to which they must be apportioned as required in section 256, Constitution.

We think it would be out of harmony with the whole idea of public schools and their history in Alabama to hold that they have a different meaning as used in section 71, from that in sections 256, 257, 258, 259, and 260, Constitution.

It is our opinion, therefore, that when section 71 provides that no appropriations shall be included in the general appropriation bill for other causes than those enumerated, including those for public schools, it meant such schools as are mentioned in section 256, and as defined in Elsberry v. Seay, supra. Appropriations for other educational purposes must be by separate bills. Woolf v. Taylor, 98 Ala. 254, 13 So. 688; section 71, Constitution.

It follows that section 21 of the General Appropriation Act of November 9, 1932, page 326, to the extent that it appropriates funds out of the general treasury to the use of the Alabama special educational trust fund, does not make an appropriation authorized by section 71, Constitution, to be included in the general appropriation bill, but that it is expressly prohibited from inclusion in it, and such appropriation can only be made by a separate bill containing no other subject; and that it is unconstitutional and void. This does not apply to those features of section 21 which make appropriations for public schools.

Respectfully submitted,
JOHN C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
A. B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.

═For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes