165 So. 249

**TUCKER et al. v. STATE ex rel. POOLE,**
Solicitor.

I Div. 903.

Supreme Court of Alabama.

Nov. 7, 1935.

Rehearing Denied Jan. 16, 1936.

Rushton, Crenshaw & Rushton, of Montgomery, and Adams & Gillmore, of Grove Hill, for appellants.

352

A. A. Carmichael, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for appellee.

GARDNER, Justice.

The validity of the local act here in question is challenged by counsel for appellant in brief and oral argument upon the sole ground of the insufficiency of the published notice required by section 106 of our Constitution. Two published notices appear in the House Journal, one referred to in these proceedings as "Exhibit A," wherein the entire bill was set out, and the other, "Exhibit B," which purports to state the substance only of the proposed act. The former (Exhibit A) appears both in the Senate and House Journals. The latter (Exhibit B) is found only in the House Journal.

In order to meet the requirements of section 106 of the Constitution, the proof as to publication must be spread upon the journal of each house. Such is the plain language of the Constitution, and so expressly decided in Sellers v. State, 162 Ala. 35, 50 So. 340.

■ As Exhibit B does not appear in the Senate Journal, resort thereto may not be had to sustain the act, and regardless of any argued question as to its sufficiency otherwise, further consideration thereof may be laid to one side. The fate of the act, therefore, must rest upon the sufficiency of Exhibit A, which appears in the journal of each house.

This published notice was but a copy of the proposed bill, and the act passed as thus published, and proof as to its publication in a newspaper of the county for four successive weeks fully appears from the affidavit accompanying the same as shown by the journals. Upon these grounds, therefore, no objection is interposed.

The fatal defect upon which appellants rest their argument is the omission from the published notice of an intention to apply to the Legislature for its passage. The published notice begins as follows:

"Notice.

"A bill to be entitled an Act to abolish the County Board of Education of Clarke County, Alabama, to create in lieu thereof the County School Commission of Clarke County, Alabama; to provide for the appointment and election of the members thereof and to prescribe their duties and powers, terms of office and compensation, to provide for a chairman of said commission and to repeal all laws in conflict herewith.

"Be it enacted by the Legislature of Alabama:"

Then follows the various sections of the bill, twenty-nine in number, and the affidavit of the publisher attached thereto.

Appellee insists that under the authorities of Jacobs v. State, 144 Ala. 98, 40 So. 572, and Sisk v. Cargile, 138 Ala. 164, 35 So. 114, the affidavits supply any deficiency in this respect. But the proof in those cases differs materially from that here presented, and we do not consider those cases as applicable. We are of the opinion, however, that the sufficiency of the published notice may rest upon broader grounds.

■ In considering this question the cardinal rule of construction should be borne in mind—that it is only a clear violation of the Constitution which will justify the courts in overruling the legislative will. Every legislative act is presumed to be constitutional, and every intendment is in favor of its validity. Speaking of section 45 of our Constitution, similar in purpose to section 106 (State v. Allen, 219 Ala. 590, 123 So. 36), the court in State v. Street, 117 Ala. 203, 23 So. 807, 808, said: "While the limitation must be so construed and applied as to avoid and suppress the mischief against which it is directed, the construction must not be strict, embarrassing legislation by making laws unnecessarily restrictive in their scope and operation." And this same reasoning was applied to section 106 of the Constitution in State ex rel. Hanna v. Tunstall, 145 Ala. 477, 40 So. 135, where it was observed that the courts should give this provision likewise a broad and liberal interpretation, so as to carry out the intention of the makers of the Constitution. Like thought is expressed in State ex rel. Covington v. Thompson, 142· Ala. 98, 38 So. 679, 682, in the following language: "Constitutions are made for practical purposes, * * * and in the construction of them we are to take into consideration the conditions which confronted the Constitution makers, and we are, if possible, to give the instrument such construction as will carry out the intention of the framers, and make it reasonable rather than absurd." To like effect is the statement in the more recent case of Byrd v. State, 212 Ala. 266, 102 So. 223, 225: "The same rules of construction obtain in passing upon those provisions as apply to other constitutional limitations upon legislative power. The courts seek to sustain and not to strike down the enactments of a co-ordinate department of the government. If, with the aid of all reasonable intendments, the act can be given effect without violation of the letter and spirit of the Constitution, it will be sustained. All reasonable doubt is resolved in favor of the action of the Legislature."

The evil intended to be corrected by section 106 of the Constitution was pointed out in Wallace v. Board of Revenue, 140 Ala. 491, 37 So. 321, and its purpose declared to be the prevention of deception of those immediately affected by the local legislation, to the end that they may have a fair opportunity to protest against and oppose its enactment. "The aim is to bring knowledge of the proposed law to the body of the people of the county through a medium usually carrying them news of public affairs—a newspaper." Byrd v. State, supra.

354

Our decisions disclose that as to matters of form and detail, not affecting the spirit and purpose of the Constitution, a liberal interpretation has been indulged to uphold rather than strike down the act. Among the more recent of our cases may be noted Byrd v. State, supra, where judicial knowledge was resorted to in aid of the published notice, which, very clearly, met the full purpose of this constitutional provision. Among the earlier cases may be cited, to like effect, Law v. State, 142 Ala. 62, 38 So. 798, where resort was had to the presumed knowledge of other constitutional provisions on the part of the citizens immediately affected by the proposed legislation, in order to demonstrate that the matter of omission in the published notice in no manner tended to destroy or impair the true meaning and purpose of the Constitution.

On the other hand, where the claimed deficiency was such as to render it probable that the public immediately interested in the proposed legislation might be misled or deceived, or not sufficiently informed, the court has not hesitated to strike down the enactment as violative of this constitutional provision. Commissioners Court of Winston Co. v. State, 224 Ala. 247, 139 So. 356; State v. Allen, 219 Ala. 590, 123 So. 36; First Nat. Bank v. Smith, 217 Ala. 482, 117 So. 38; Wallace v. Board of Revenue, 140 Ala. 491, 37 So. 321. And in Sellers v. State, 162 Ala. 35, 50 So. 340, it was held there was no proof of notice spread upon the Senate Journal for failure of the name of the officer taking the affidavit to appear either by signature to the jurat or in the body of the affidavit—thus resulting in a plain violation of the provisions of section 106 of the Constitution.

■ Coming to the instant case, there is omitted from the published notice the matter of intention to offer the bill for passage in the Legislature. Guided by the above-noted rules, we are persuaded this omission is not fatal. True it is that section 106 provides that notice of such intention must be given by publication, which notice shall state the substance of the proposed law. But there is no specific direction that the notice shall in express language so indicate, and, as previously observed by this court, the Constitution has prescribed no particular form in which the notice shall be given. Ex parte Kelly, 153 Ala. 668, 45 So. 290. Since, then, it is not specifically required to be so stated in express language

in the notice, there would result no violation of the letter of the Constitution by its omission therefrom. And if, from the notice as published, the intention to offer the proposed law for passage is necessarily inferred, we conclude that the requirements of the Constitution in this regard have been sufficiently met.

■ Here the proposed bill is published in full under the heading, "Notice." It discloses upon its face it is a bill ready to be offered for legislation, and not a completed enactment. Presumably the public immediately affected were familiar with the law (22 Corpus Juris 148), and knew the requirements of section 106 of the Constitution. Law v. State, supra. They therefore knew that for the legal enactment of a local law the intention to apply for its passage must appear by proper publication of its substance. They also knew that it must be done without cost to the state (State ex rel. v. Carter, 174 Ala. 266, 56 So. 974), and that of consequence some one or more interested persons have made arrangements for its publication, which bill contemplated a very material change in the law then in existence. With a knowledge of all these matters and of the legal requirements in regard to the passage of a local law, and viewed from a common-sense standpoint, there could be no other reasonable conclusion from a perusal of the notice by those affected thereby than that the purpose of the publication was to show an intention to offer the bill in the Legislature. Its publication could have no other reasonable meaning, and this conclusion therefore follows as a necessary inference.

While of course in better form, and strictly construed, it may be considered that the published notice should have so stated the intention in express language, yet, as previously observed, the Constitution has not so directly stipulated. Bearing some analogy is the case of Dudley v. Fitzpatrick, 143 Ala. 162, 39 So. 384, 386, where the notice and proof were pasted upon the journals rather than being transcribed thereon, and where the court, in discussing this objection, said: "Another objection to the notice and proof of notice is that the same is not transcribed in the original journal, but, instead thereof, the same is pasted upon the pages of the journal. The provision of the Constitution is that such notice, and proof thereof, shall be spread upon the journals. While ordinarily the language employed might be in-

terpreted to mean to be transcribed upon, or written upon, yet it is susceptible of a more extended definition or meaning, and in order to uphold the constitutionality of the act, there being no express prohibition, nor one resulting from necessary implication against the doing of the thing as it was done, that construction will be adopted, if reasonable, that will save the statute. The pasting of the written or printed copy of the notice and affidavit of notice upon the page of the journal was, in a sense, spreading the same upon the journal, and the doing of the thing in the way in which it was done indicates a legislative construction of that provision in the Constitution, and under all the circumstances this legislative construction is entitled to some consideration."

So, in the instant case; this provision of the Constitution is clearly susceptible of the more liberal construction that the intention to offer the bill for passage may necessarily be inferred, and that in such event a failure to so expressly state in the notice will not prove fatal to the act.

Here the interested public had the full measure of advantage contemplated by the provisions of section 106 of the Constitution. The bill was published in its entirety. There could be no deception—no one misled. And we conclude that it appeared upon its face as a necessary implication, viewed from any reasonable standpoint, though not expressed in so many words, that it was the intention to offer the published bill for passage. This, we think, met the substantial requirements of the Constitution, and will suffice to sustain the act.

There was some suggestion in oral argument (though not stressed in brief) of a discrepancy in the affidavits accompanying the publication of the notice, touching the dates of publication, as they appear on the journals of the two houses. Suffice it to say, however, that each affidavit discloses the publication for the full period required by the Constitution. Such discrepancy in dates could, therefore, in no manner affect the sufficiency of the required proof.

As we view the argument advanced, these conclusions are decisive of the case and sustain the ruling of the court below. It follows, therefore, that the judgment will be accordingly here affirmed.

Affirmed.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.

On Rehearing.

GARDNER, Justice.

The substance of our holding in the foregoing opinion is that notice of an intention to apply to the Legislature for the passage of an act, published in full in the newspaper, does affirmatively appear, if necessarily inferred, viewed from any reasonable standpoint, though in such notice not stated in so many words; that section 106 of the Constitution does not require such notice to so directly state and, therefore, there appears no violation of its letter; and that the act thus published in full under the heading "Notice," viewed from the standpoint of common sense and sound reasoning, forestalls any deception of those interested and immediately affected thereby, thus giving full effect to the purpose of the framers of the Constitution, and meeting the substantial requirements of this constitutional provision.

We have re-examined the question in the light of the able argument for appellants and the authorities noted. But the matters now pressed for consideration were duly weighed upon original consideration of the cause. Counsel have forcibly presented the opposing view, but after due deliberation we are not persuaded that the opinion delivered is laid in error. No good purpose would be subserved by a rediscussion of the argued questions, and we therefore rest content with what has been said as expressive of our views.

In the court below other constitutional questions were duly raised, though not argued here upon original submission, and appellants press upon our attention two other constitutional objections, which will be briefly considered, conceding (without deciding) that under the authority of Dunn v. Dean, 196 Ala. 486, 71 So. 709, and State ex rel. Knox v. Dillard, 196 Ala. 539, 72 So. 56, appellants are within their legal rights.

The first insistence relates to section 256 of the Constitution, the argument being that the act here in question is violative thereof in that it destroys uniformity as to the system of common schools in the state. Among the cited authorities is Ellis v. Greaves, 82 Miss. 36, 34 So. 81. But there the court was considering a provision of the Mississippi Constitution, which required

as to the public schools "a uniform system"; unlike that of our Constitution (section 256), which provides only for the maintenance of "a liberal system of public schools throughout the state."

True our court has interpreted this provision as meaning such a system as would "operate upon, and in favor of, all the children equally, without special local privileges to any" (Elsberry v. Seay, 83 Ala. 614, 3 So. 804, 807; Schultes v. Eberly, 82 Ala. 242, 2 So. 345, cited in In re Opinions of the Justices, 229 Ala. 98, 155 So. 699); yet this is far from saying there must be a uniformity of laws throughout the state with a denial of local legislation to conform to local needs. The lawmaking body has not so interpreted this provision, as evidenced by numerous local laws changing the method of selection of county superintendent of education. Many laws have been passed changing this selection to an election by the people, and in some also adding certain qualifications for the office. Illustrative is a recent local act here attacked. State v. Black, 224 Ala. 200, 130 So. 431; Local Laws 1931, p. 5. Similar laws abound. But we do not consider further discussion necessary.

■ The act does not offend section 256 for the reason that uniformity is not therein required. Nor do we understand that a consideration of section 270 adds weight to such insistence, as this is merely a provision designed especially to exempt the county of Mobile that it may continue with its own separate and distinct school system.

The remaining insistence is that the act is violative of section 175 of the Constitution, which prescribes the method of removal from office. It may be conceded that as members of the school board with a fixed term these respondents come within the protective influence of this provision of our Constitution. Owens v. City Council of Troy, 229 Ala. 439, 157 So. 865; Springer v. State ex rel. Williams, 229 Ala. 339, 157 So. 219; Petree v. McMurray, 210 Ala. 639, 98 So. 782; Nolen v. State ex rel. Moore, 118 Ala. 154, 24 So. 251; Williams v. Schwarz, 197 Ala. 40, 72 So. 330, Ann.Cas.1918D, 869.

■ But that is not the act here in question, as this act abolished the office of the county board of education, and establishes in lieu thereof a county school commission, with the same powers as the old board, but

with new duties and powers, material and significant. This the Legislature had the right to do.

In Hawkins v. Roberts & Son, 122 Ala. 130, 27 So. 327, 332, speaking of the act abolishing the office of county commission, and creating that of the board of revenue, the court observed: "The appellants accepted their offices, with the knowledge that they were statutory, and like all such offices were within the uncontrolled discretion of the legislature as to their continuance."

Like observations are applicable here, and we consider this authority suffices to dispose of this contention without further discussion.

Upon due consideration, therefore, it appears that appellants fell into no error in selecting in the first instance their contention that the provisions of section 106 of the Constitution presented the most material and vital point in the case. We so consider it, but we yet feel that the original opinion correctly dealt with that contention.

It results, therefore, that the application for rehearing will be denied.

Application overruled.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.